Andrew J. Deddeh  Bar No. 272638
andrew.deddeh@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4370 La Jolla Village Drive, Suite 990
San Diego, CA  92122
Telephone:   858-652-3100
Facsimile:    858-652-3101

Attorneys for Defendant LEIDOS, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BAIRD, an individual;<br><br>Plaintiff,<br><br>v.<br><br>LEIDOS, INC., a Delaware corporation; and DOES 1-99, inclusive;<br><br>Defendants. | Case No. **'22 CV 0060 BEN RBB**<br><br>**NOTICE OF DEFENDANT LEIDOS, INC.'S REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>Complaint Filed: November 30, 2021<br>Removed:            January 14, 2022 |

49849788_1.docx

Case No. CaseNumber

NOTICE OF DEFENDANT LEIDOS, INC.'S REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant, Leidos, Inc. ("Defendant"), hereby removes the above-entitled action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. Sections 1332, 1441, and 1446. Defendant does so on the grounds that: (1) complete diversity of citizenship exists between plaintiff Steven Baird ("Plaintiff") and Defendant; (2) the amount in controversy exceeds the jurisdictional minimum; and (3) the foregoing facts were true when Plaintiff filed his complaint and remain true as of this filing.

## I.  THE STATE COURT ACTION

1.    On December 1, 2021, Plaintiff filed a Complaint in the Superior Court of California, County of San Diego, captioned *Steven Baird v. Leidos, Inc.*, case number 37-2021-00050194-CU-OE-CTL ("Complaint"). Defendant's agent for service of process was served on December 15, 2021 with the Complaint, Summons, Notice of Posting of Jury Fees, and other documents. (Declaration of Andrew J. Deddeh ("Deddeh Decl." ¶ 2-3). A true and correct copy of the Complaint and other documents received is attached to this Notice of Removal ("Notice") as **Exhibit A**. Defendant filed an answer to Plaintiff's complaint in the Superior Court of California, County of San Diego on January 12, 2022. A true and correct copy of Defendant's Answer to Plaintiffs' Complaint is attached to this Notice as **Exhibit C.**

## II.  REMOVAL IS TIMELY

2.    A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). Defendant's agent for service of process received a copy of the Complaint on December 15, 2021, (Deddeh Decl." ¶ 3), which is within the 30-day statutory period for filing this removal. 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(3)(A).

/ / /

NOTICE OF DEFENDANT LEIDOS, INC.'S REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

3.     The consent of fictitious "Doe" defendants is not required because they have not been served.  Thus, the Defendant is the only party who must consent to removal and all defendants whose consent is required have consented to this removal.

## III.    VENUE

4.     The Superior Court of California, County of San Diego, is located within the territory of the Southern District of California.  Therefore, venue for the purposes of removal is proper pursuant to 28 U.S.C. §84(d) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## IV.    BASIS FOR REMOVAL

5.     The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Defendant may remove it to this Court pursuant to 28 U.S.C. § 1441. This case is between citizens of different states, and the amount in controversy exceeds $75,000.

### A.    Diversity of Citizenship Requirement Established.

6.     For purposes of diversity, an individual is a "citizen" of the state in which he is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  An individual's domicile is the place he resides with the intention to remain or to which he intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

7.     Plaintiff alleges that at all relevant times he resided in the State of California.  (Complaint ¶ 4-5).  Accordingly, Plaintiff is, and was at the time he filed this action, domiciled in and a citizen of the State of California for purposes of this removal.

8.     Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  The United States Supreme Court has established that a

2

Case No. CaseNumber

NOTICE OF DEFENDANT LEIDOS, INC.'S REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

corporation's principal place of business for purposes of diversity jurisdiction "is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *The Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1184 (2010). The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id*.

9. Leidos, Inc. is, and at all times relevant to this action was, incorporated in the State of Delaware. (Complaint Caption). Further, Leidos, Inc.'s headquarters—which is its center of direction, control, and coordination—is in the State of Virginia. (Deddeh Decl. ¶ 4, **Exhibit B**). For the purposes of federal diversity jurisdiction, Leidos, Inc. is a citizen of both the State of Delaware and the State of Virginia.

10. For the purposes of removal, courts disregard the citizenship of fictitiously named "doe" defendants. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

11. Here, complete diversity of citizenship exists between Plaintiffs and Defendant.

### B.    The Amount-in-Controversy Requirement is Satisfied.

14. Based on Plaintiff's allegations, the amount in controversy exceeds the sum or value of $75,000, excluding interest and costs. The Complaint does not allege a damage amount as to each claim, but Plaintiff does allege that the amount in controversy exceeds $25,000 (Complaint ¶ 3). However, Removal is proper because, based on the allegations of the Complaint, although disputed by Defendant, it is more likely than not that the damages sought in connection with Plaintiff's seven (7) causes of action exceed $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-404 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th

Case No. CaseNumber

NOTICE OF DEFENDANT LEIDOS, INC.'S REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

Cir. 1999). *In applying these tests, the court must consider all recoverable damages, including damages for emotional distress, punitive damages and attorneys' fees authorized by statute*. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018) (amount in controversy "encompasses all relief a court may grant on that complaint if the plaintiff is victorious."); *Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (amount in controversy includes "future recoverable attorneys' fees in that calculation."); *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Anthony v. Security Pacific Financial Services*, 75 F.3d 311, 315 (7th Cir. 1996).

15.     In determining whether the amount in controversy exceeds $75,000, the court must presume Plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter* (C.D. Cal. 2002) 199 F.Supp.2d 993, 1001 (citing *Burns v. Windsor Ins. Co*. (11th Cir. 1994) 31 F.3d 1092, 1096 (the amount in controversy analysis presumes "plaintiff prevails on liability"); *Angus v. Shiley Inc*. (3d Cir. 1993) 989 F.2d 142, 146 ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). Moreover, the argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc*. (9th Cir. 2002) 281 F.3d 837, 843, n.1 (citing *Willingham v. Morgan* (1969) 395 U.S. 402, 407 n.3).

16.     Here, Plaintiff's Complaint pleads seven causes of action, and seeks special and general damages on behalf of Plaintiff including damages for emotional pain and suffering, special damages including past and future wages and benefits, exemplary and punitive damages, statutory fines and penalties, and pre-judgment interest, and other relief the Court deems proper.  (Complaint ¶¶ 66-67, 75-76, 81-82, 85-86, 90-91; Prayer for Relief ¶¶ 1-8).

17.     Based on the allegations in the Complaint, Defendant's conservative,

4

NOTICE OF DEFENDANT LEIDOS, INC.'S REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

good faith estimate of the amount in controversy is well in excess of $75,000. Plaintiff alleges that, as a result of Defendant's actions, he has suffered and may continue to suffer emotional pain and suffering. Unspecified mental and emotional distress damages are properly considered in calculating the amount in controversy. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031–35 (N.D.Cal. 2002).

18.     To establish the amount of emotional distress damages in controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous facts. *See Simmons*, 209 F. Supp. 2d at 1033; *Faulkner v. Astro-Med, Inc.*, 1999 U.S. Dist. LEXIS 15801, *4 (N.D. Cal. 1999). In California, courts have awarded substantial damages for emotional distress in employment cases. *See, e.g., Hoffer v. Chevron U.S.A. Inc.*, 2018 WL 4773163 (Los Angeles Super. Ct.) (awarding $150,000 in emotional distress damages in an age discrimination matter); *Ismen v. Beverly Hospital*, 2008 WL 4056258 (Los Angeles Super. Ct.) (awarding plaintiff $113,100 in emotional distress damages for discrimination); *Espinoza v. County of Orange*, 2009 WL 6323832 (Orange Super. Ct.) (awarding plaintiff $500,000 in emotional distress damages for disability discrimination and harassment); *Lopez v. Bimbo Bakeries USA Inc.*, 2007 WL 4339112 (San Francisco Super. Ct.) (awarding the plaintiff $122,000 in emotional distress damages for wrongful termination and failure to prevent discrimination).

19.     Therefore, if Plaintiff was to prevail on his claims at trial, he could be awarded a substantial amount of emotional distress damages, in addition to any award for lost wages and benefits.

20.     Plaintiff's Complaint also seeks recovery for exemplary and punitive damages. (Complaint ¶ 31, 41, 50, 59, 67, 77, 83, Prayer for Relief ¶ 4).

21.     "Where both actual and punitive damages are recoverable under complaint, each must be considered to the extent claimed in determining jurisdictional amount." *Bell vs. Preferred Life Assurance Soc'y*, 320 U.S. 238, (1943); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well

5

Case No. CaseNumber

established that punitive damages are part of the amount in controversy in a civil action."); *Simmons*, 209 F.Supp.2d at 1033 (court may consider punitive damages recoverable under FEHA when determining the amount in controversy).

22.    As with emotional distress damages, California courts have awarded plaintiffs significant punitive damages in employment actions alleging disability discrimination. *See, e.g., Hoffer v. Chevron U.S.A. Inc.*, 2018 WL 4773163 (Los Angeles Super. Ct.) (awarding $300,000 in punitive exemplary damages in an age discrimination matter); *Blanca Ramirez v. Jack in the Box Inc. et al.*, Los Angeles Superior Court, Case number BC593619 (awarding $10 million in punitive damages in a case asserting claims of disability discrimination, failure to engage in the interactive process, failure to accommodate, age discrimination, harassment/hostile work environment, failure to prevent discrimination and harassment, retaliation and wrongful discharge).

23.    Therefore, if Plaintiff was to prevail on his claims at trial, he could be awarded a substantial amount of punitive damages, which must be taken into consideration in evaluating the amount-in-controversy requirement for purposes of removal.

24.    Attorneys' fees may be included in the amount in controversy if recoverable by statute or contract. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). Attorneys' fees are recoverable as a matter of right to the prevailing party under FEHA. *See* Cal Gov't Code § 12965.

25.    Here, Plaintiff seek attorneys' fees under FEHA pursuant to the California Government Code. (Prayer for Relief ¶ 2). Thus, the Court must consider Plaintiff's request for attorneys' fees in assessing the amount-in-controversy requirement. *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1034-1035 (N.D. Cal. 2002). "Recent estimates for the number of hours expended through trial for employment cases in [the Central District of California] have ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and conservative estimate.

6

NOTICE OF DEFENDANT LEIDOS, INC.'S REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

Accordingly, attorneys' fees in [an employment discrimination case alleging wrongful termination] may *reasonably be expected to equal at least $30,000* (100 hours x $300 per hour)." *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *6 (C.D. Cal., Mar. 3, 2015, No. CV 14-09154-AB AJWX) (emphasis added).

26.    Plaintiff is also seeking damages for future losses in salary and other employment benefits. (Prayer for Relief ¶ 1). Such awards in California have spanned several years. *See Smith v. Brown-Forman Distillers Corp*. (1989) 196 Cal.App.3d 503, 518 (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus*. (1976) 55 Cal.App.3d 91, 97-100 (four years); *Drzewiecki v. H&R Block, Inc*. (1972) 24 Cal.App.3d 695, 705 (ten years).

27.    Accordingly, based on a good faith estimate of the amount in controversy asserted on the face of the Complaint,[1] it is "more likely than not" that the amount in controversy in this lawsuit exceeds the minimum amount required for diversity jurisdiction.  *See, e.g.*, *Sanchez v. Monumental Life Ins. Co.* 102 F.3d 398, 404 (9th Cir. 1996); *Simmons,* 209 F. Supp.2d at 1031-1035 (finding that the plaintiff's alleged lost income of $25,600 at the time of removal, included with unspecified amounts for medical expense damages, emotional damages, punitive damages and attorneys' fees anticipated to incur through trial, satisfy the amount in controversy required to establish diversity jurisdiction); *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim including a "lengthy list of compensatory and punitive damages" including loss of pay, impaired earning capacity, emotional distress, etc. combined with a claim for attorney fees and punitive damages, was sufficient to exceed the $75,000 minimum required to establish diversity jurisdiction, even though plaintiff had only specified $13,000 in damages from lost income at the time of removal).

/ / /

---

[1] Defendant disputes the validity of Plaintiffs' allegations.

Case No. CaseNumber

NOTICE OF DEFENDANT LEIDOS, INC.'S REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

28. This Court has original jurisdiction over the case pursuant to 28 U.S.C. §§ 1332(a) and 1441, on the basis that the amount in controversy exceeds the requisite $75,000, exclusive of interest and costs.

**V.   ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET**

26. As 28 U.S.C. § 1446(a) requires, copies of all process, pleadings, and orders served upon Defendant are attached as Exhibits A and B to this Notice.

27. As 28 U.S.C. § 1446(b)(1) requires, Defendant's Notice was filed within thirty (30) days after Defendant was served with a copy of Plaintiffs' Complaint.

28. As 28 U.S.C. § 1446(d) requires, Defendant will provide notice of this Removal to Plaintiffs via its attorneys of record.

29. As 28 U.S.C. § 1446(d) further requires, Defendant will file a copy of the original Notice of Removal with the Clerk of the Superior Court of California, County of San Diego.

**VI.   CONCLUSION**

30. Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

DATED: January 14, 2022                    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


                                           By:  /s/ Andrew J. Deddeh
                                                Andrew J. Deddeh
                                                Attorneys for Defendant LEIDOS, INC.

NOTICE OF DEFENDANT LEIDOS, INC.'S REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT