UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BAIRD,<br><br>                                  Plaintiff,<br><br>v.<br><br>LEIDOS, INC., et al.,<br><br>                                  Defendants. | Case No.: 22cv0060-LL(RBB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DEFENDANT LEIDOS, INC. TO PROVIDE FURTHER DISCOVERY RESPONSES [ECF NO. 23]** |

Presently before the Court is Plaintiff Steven Baird's Motion to Compel Defendant Leidos, Inc. ("Leidos") to Provide Further Discovery Responses, in which Plaintiff requested an order compelling Defendant to provide further responses to Interrogatory Nos. 7(b) and 8-13, and Request for Production Nos. 20-22, 47, 49, and 54 [ECF No. 23]. Leidos filed an opposition [ECF No. 26], and Baird filed a reply [ECF No. 27]. On November 28, 2022, the Court directed Plaintiff to file a supplemental brief to apprise the Court of which discovery requests, if any, remained at issue following Defendant's production of documents on or around the deadline of Plaintiff's reply brief [ECF No. 28]. Plaintiff's supplemental brief reflects that Interrogatory Nos. 8-11 and Request for Production Nos. 20, 47, 49, and 54 remain at issue [ECF No. 29].

For the reasons set forth below, Plaintiff's Motion to Compel is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

According to the First Amended Complaint, Plaintiff was hired by Defendant as an engineering technologist around April 2017. (Notice Removal Attach. #2 Ex. A [First Am. Compl.], at 15, ECF No. 1.)[1] On or around January 18, 2021, Baird was involved in a motorcycle accident in which he broke his arm. (Id.) He requested and was granted medical leave by Defendant. (Id.) On or around February 11, 2021, Plaintiff requested time off for a cardiac ablation. (Id.) Around March 2021, Baird was cleared by his doctor to return to work with restrictions. (Id.) Upon his return to work, he reported an employee health and safety issue to his supervisor. (Id.) Leidos allegedly forced Plaintiff to perform his full duties despite his work restrictions, requiring him to obtain a new note from his doctors extending his restrictions through April 7, 2021. (Id.) Baird states that he was attacked by another employee on March 10, 2021. (Id.) Plaintiff was suspended from work the following day. (Id.) A week later, Baird states that he was interrogated regarding his religious beliefs. (Id.) On March 26, 2021, Leidos terminated Plaintiff's employment. (Id.)

Plaintiff asserts claims for unlawful retaliation in violation of Cal. Labor Code section 6310; failure to provide a reasonable accommodation in violation of Cal. Gov't Code section 12940(a); failure to engage in the interactive process in violation of Cal. Gov't Code section 12940(n); retaliation for requesting a disability-related accommodation and taking medical leave in violation of Cal. Gov't Code section 12940(h); failure to prevent discrimination or retaliation in violation of Cal. Gov't Code section 12940(k); violation of the California Family Rights Act in violation of Cal. Gov't Code section 12945.1, et seq.; and wrongful discharge in violation of public policy in

---

[1] The page numbers cited herein refer to the page numbers affixed by the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

violation of Cal. Labor Code section 6310 and Cal. Gov't code sections 12900-12996. (Id. at 16-23.)

## II.   LEGAL STANDARDS

Under Rule 26 of the Federal Rules of Civil Procedure,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial to be discoverable. Id. District courts have broad discretion to determine relevancy for discovery purposes and to limit the scope of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

## III.   DISCUSSION

A.   **Interrogatory Nos. 8-10**

These interrogatories state as follows:

Interrogatory No. 8: Please describe in detail each time an employee or applicant for employment submitted a complaint to YOU alleging YOU violated California employment laws in the past 10 years.

Interrogatory No. 9: Please describe in detail YOUR investigation of any complaints or concerns alleging retaliation during PLAINTIFF's employment with YOU.
  a. Please IDENTIFY each PERSON involved in investigating any complaints alleging retaliation during PLAINTIFF's employment with YOU.

Interrogatory No. 10: Please describe in detail YOUR investigation of any complaints alleging retaliation based on requesting accommodation during PLAINTIFF's employment with YOU.
  a. Please IDENTIFY each PERSON involved in investigating any complaints alleging retaliation based on requesting accommodation during PLAINTIFF's employment with YOU.

Following the parties' meet and confer efforts, Plaintiff agreed to limit the scope of these interrogatories to "complaints and concerns arising in the mechanical group department where Plaintiff worked." (Pl.'s Mot. 5, ECF No. 23.) Baird also agreed to limit the scope of Interrogatory No. 8 to "the last 5 years and to the <u>same causes of action</u> that Plaintiff has." (<u>Id.</u> [emphasis added].) Plaintiff argues that "[r]ecent complaints by other employees in Plaintiff's department regarding the same causes of action against [Defendant] are relevant to his case." (<u>Id.</u>) Defendant, in its opposition to Plaintiff's motion, advised that it had provided supplemental responses to these interrogatories based on the parties' meet and confer discussions and offered no arguments opposing the discovery. (Def.'s Opp'n 10, ECF No. 26.) In each of its supplemental responses, Leidos stated that "Defendant is not aware of any Leidos employee in the mechanical department who submitted a similar complaint as Plaintiff . . . during Plaintiff's employment with Leidos." (Pl.'s Reply 3, ECF No. 27; <u>see also</u> Def.'s Opp'n Attach. #2 Deddeh Decl. Ex. 1, at 7-9, ECF No. 26.) Baird asserts that the supplemental responses are insufficient because these interrogatories seek information about complaints made against Leidos relating to violations of employment law and retaliation, not solely about employees who "submitted a similar complaint to Plaintiff." (Pl.'s Reply 3, ECF No. 27.)

As modified by Plaintiff, Interrogatory No. 8 seeks information regarding complaints by employees of the mechanical department for violating California employment law−specifically, the same causes of action alleged by Baird−in the last five years. Defendant's response that it is not aware of any Leidos employee in the mechanical department "who submitted a similar complaint as Plaintiff against Defendant," (<u>see</u> Def.'s Opp'n Attach. #2 Deddeh Decl. Ex. 1, at 7, ECF No. 26), sufficiently responds to the interrogatory.

Interrogatory Nos. 9 and 10, as modified by Plaintiff, seek information regarding complaints of retaliation (No. 9) and retaliation based on requesting accommodation (No. 10) within the mechanical group department during Baird's employment with Leidos.

Plaintiff did not narrow these interrogatories to seek information regarding only the same causes of action asserted by Plaintiff, as he did with Interrogatory No. 8. Rather, he is seeking information regarding any complaints of retaliation. In discrimination and retaliation cases, plaintiffs may rely upon comparisons with similarly situated employees if the comparison supports an inference that retaliation was the motive behind an adverse employment action. See, e.g., Hawn v. Executive Jet Mgmt., Inc., 615 F.3d 1151, 1156 (9th Cir. 2010). Therefore, the information sought in Interrogatory Nos. 9 and 10 may be relevant.

Defendant's supplemental responses that it is not aware of any Leidos employee in the mechanical department "who submitted a similar complaint as Plaintiff alleging retaliation by Defendant" (No. 9) or "who submitted a similar complaint as Plaintiff alleging retaliation based on requesting accommodation against Defendant" (No. 10), (see Def.'s Opp'n Attach. #2 Deddeh Decl. Ex. 1, at 8-9, ECF No. 26), are vague because Leidos's reference to employees "who submitted a similar complaint as Plaintiff" is ambiguous. It is unclear whether Defendant is stating that there were no complaints of retaliation by Leidos at all in the mechanical group department or no complainants who asserted the same causes of action against as Plaintiff against Leidos. Accordingly, Defendant must provide supplemental responses clarifying whether any complaints of retaliation and retaliation based on requesting accommodation within the mechanical group department during Baird's employment with Leidos were made.

Plaintiff's motion to compel a further response to Interrogatory No. 8 is **DENIED**. Baird's motion to compel further responses to Interrogatory Nos. 9 and 10 is **GRANTED**.

B. **Interrogatory No. 11**

This interrogatory seeks the following:

Interrogatory No. 11: Please describe in detail YOUR investigation of the attack on PLAINTIFF on or about March 10, 2021.
    a. Please IDENTIFY each PERSON involved in investigating the attack on PLAINTIFF on or about March 10, 2021.

    b. Please describe in detail any conclusions reached pursuant to the investigation of the attack on PLAINTIFF on or about March 10, 2021.
    c. Please describe in detail any disciplinary action taken pursuant to the investigation of the attack on PLAINTIFF on or about March 10, 2021.

  Plaintiff contends that Defendant's initial response to this interrogatory failed to respond to subparts (a) through (c). (Pl.'s Mot. 6, ECF No. 23.) Leidos advised Plaintiff that its investigation report regarding the March 10, 2021 incident[2] would address the interrogatory, and produced its report. (Id.) According to Baird, however, Defendant did not include all attachments to the report. (Id.) On October 31, 2022, after the filing of Plaintiff's motion, Defendant served a supplemental response to this interrogatory and produced the "case attachments" sought by Plaintiff in his motion, labeled LEIDOS001315-001333. (See Def.'s Opp'n 10, ECF No. 26; see also id. Attach. #2 Deddeh Decl. Ex. 1, at 12; id. Attach. #6 Deddeh Decl. Ex. 5, at 1-20.) Leidos represented that "it has produced all documents associated with the investigation and has fully responded to Interrogatory No. 11." (Id. Attach. #1 Deddeh Decl. 3.) In his reply brief, Baird states that the table of contents in the investigation report contained in Defendant's initial production of documents, labeled LEIDOS000645, describes a "section 6" for "case changes" that was not produced by Defendant. (Pl.'s Reply 3, ECF No. 27.) The table of contents on LEIDOS000645 also describes a "linked" case, referred to as case number 2021-00265. (Id.) Baird argues that if the "linked" or "sibling" case references Cooper Gardner's case, then Leidos should supplement subparts (a) through (c) with reference to the "linked" case information. (Id.)

  Defendant first contends that it should not be required to further respond to any interrogatories beyond Interrogatory No. 10 because Plaintiff exceeded the limit of twenty-five interrogatories with all the subparts contained within each of his first ten interrogatories. (Def.'s Opp'n 6, ECF No. 26.) Leidos objected to Interrogatory Nos. 11

---

[2] Plaintiff and subcontractor Cooper Gardner were involved in a physical altercation at work on March 10, 2021. (See, e.g., Def.'s Opp'n Attach. #2 Deddeh Decl. Ex. 1, at 11, ECF No. 26.)

through 25 on various grounds, including that they exceeded the numerical limit set forth in Rule 33, but also provided substantive responses "[i]n the interest of time and efficiency." (Def.'s Opp'n 7, ECF No. 26; see also id. Attach. #2 Deddeh Decl. Ex. 1, at 10-12.) Plaintiff does not address the issue of subparts in his motion or reply brief.[3]

Rule 33 of the Federal Rules of Civil Procedure states, "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). "Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." (Id.) Courts have recognized that determining whether a subpart to an interrogatory is "discrete" under Rule 33 such that it should be counted separately can be a difficult task. See, e.g., Banks v. Office of Senate Sergeant-At-Arms, 222 F.R.D. 7, 10 (D.D.C. 2004). Some courts have concluded that an interrogatory that asks a party to identify facts, documents, and witnesses should count these items as discrete separate interrogatories. See, e.g., Makaeff v. Trump Univ., LLC, Civil No. 10-CV-0940-GPC (WVG), 2014 U.S. Dist. LEXIS 94732, at *4, *18 (S.D. Cal. July 11, 2014) (construing interrogatory seeking the identification of facts, identification of documents, and identification of persons with knowledge as containing three discrete subparts). Here, several of Plaintiff's interrogatories from Nos. 1 through 10 may contain multiple subparts as they ask for the identification of both facts and persons. For example, Interrogatory Nos. 2, 3, 4, and 5 ask for details regarding Leidos's various policies as well as the identification of persons involved in creating, enforcing, or approving those policies. (Pl.'s Mot. Attach. #1 Myong Decl. Ex. C, at 27-28, ECF No. 23.) Similarly, Interrogatory Nos. 9 and 10 (set forth in the discussion above) ask for both details of investigations conducted by Leidos and the identification of persons involved in the

---

[3] Indeed, Plaintiff's motion and reply brief contain incorrect legal standards as they refer to California state law principles rather than the Federal Rules of Civil Procedure. (See Pl.'s Mot. 4, ECF No. 23; Pl.'s Reply 2, ECF No. 27.)

investigations. (Id. at 29.) Nevertheless, only one interrogatory beyond Interrogatory No. 10 remains at issue (Interrogatory No. 11), and Defendant has already substantially responded to the interrogatory. In the interest of judicial efficiency, the Court elects to address Interrogatory No. 11 substantively rather than further analyze Interrogatory Nos. 1 through 10 to determine the total number of subparts they contain for the purpose of determining whether Plaintiff has already served twenty-five interrogatories.

Interrogatory No. 11 seeks information regarding Leidos's investigation of the March 10, 2021 altercation between Plaintiff and Cooper Gardner. If there is a "linked" or related investigation that provided additional details of Defendant's investigation, involved other investigative personnel, led to other conclusions, or resulted in other disciplinary action not already identified by Leidos, information from the linked investigation should be included in Leidos's response. Therefore, to the extent that the "linked" or "sibling" case referred to in the table of contents on LEIDOS000645 references Cooper Gardner's case, Leidos should supplement its response to Interrogatory No. 11 with any additional responsive information contained in that report.

Plaintiff's motion to compel a further response to Interrogatory No. 11 is **GRANTED IN PART**.

C.   **Request for Production Nos. 20 and 54**

These document requests seek the following:

Request No. 20: All DOCUMENTS constituting communication between YOU and PLAINTIFF.

Request No. 54: All DOCUMENTS RELATED TO communications between YOUR employees RELATED TO PLAINTIFF.

Defendant objected to these requests on the grounds that they constituted vague, ambiguous, and overbroad requests. (Def.'s Opp'n 11, ECF No. 26; see also Pl.'s Mot. Attach. #1 Myong Decl. Ex. F, at 103, 129, ECF No. 23.) Leidos contends that the requests do not describe with "reasonable particularity" each item or category of item to be inspected and are tantamount to a fishing expedition. (Def.'s Opp'n 12, ECF No. 26.)

Rule 34 of the Federal Rules of Civil Procedure requires a document request to "describe with reasonable particularity each item or category of items to be inspected." (See Fed. R. Civ. P. 34(b)(1)(A); see also 7 James Wm. Moore, et al., Moore's Federal Practice, ¶ 34.11[3], at 34-29 (3d ed. 2017) ("The 'reasonable particularity' standard is not susceptible to precise definition. The test is whether a reasonable person would know what documents or things are called for in the request.") (footnotes omitted).) "All encompassing' production requests do not meet Rule 34(b)(1)(A)'s reasonable particularity requirement, and discovery rules do not allow a requesting party to engage in the proverbial fishing expedition, in the hope that there might be something of relevance . . . ." Mailhoit v. Home Depot U.S.A., Inc., 285 F.R.D. 566, 572 (C.D. Cal. 2012) (internal quotations and citations omitted). Here, the requests are facially overly broad as to time and scope and have the potential to encompass voluminous documents that have no relevance whatsoever to this case. As a result, these requests do not meet the "reasonable particularity" standard in Rule 34. Although Plaintiff is now apparently willing to narrow the scope of his requests, (see Pl.'s Mot. 7, ECF No. 23; Pl.'s Reply 3-4, ECF No. 27; Pl.'s Supp. Br. 2, ECF No. 29), this does not remedy the fact that the requests as propounded are facially overbroad. The Court therefore **DENIES** Plaintiff's motion to compel further responses to Request Nos. 20 and 54.

**D.      Request for Production Nos. 47 and 49**

These requests seek the following:

Request No. 47: All DOCUMENTS RELATED TO any complaints or concerns YOU received RELATED TO retaliation based on requesting an accommodation during PLAINTIFF's employment with you.

Request No. 49: All DOCUMENTS RELATED TO any complaints or concerns YOU received RELATED TO failing to provide a reasonable accommodation during PLAINTIFF's employment with YOU.

Following meet and confer discussions, Defendant provided supplemental responses to these requests on October 31, 2022, after Plaintiff's motion was filed.

(Def.'s Opp'n 12, ECF No. 26.) Plaintiff acknowledges this but requests that Defendant provide a privilege log if it withheld any privileged documents. (Pl.'s Reply 4, ECF No. 27.) Rule 26(b)(5)(A) requires the production of a privilege log when a party withholds discoverable information on the basis that it is privileged or protected as trial-preparation material. See Fed. R. Civ. P. 26(b)(5)(A). Defendant responded to these requests stating that "no such non-privileged documents are in Defendant's possession, custody, or control." (See Def.'s Opp'n Attach. #3 Deddeh Decl. Ex. 2, at 17, 19, ECF No. 26.) Therefore, if Leidos withheld any responsive documents on this basis, it must provide a privilege log within one week of the date of this order.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Compel is **GRANTED IN PART** and **DENIED IN PART**. The Court declines to award attorney's fees under Fed. R. Civ. P. 37(a)(5) to either party.

**IT IS SO ORDERED**.

Dated:  December 20, 2022

Hon. Ruben B. Brooks
United States Magistrate Judge