UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BAIRD,<br><br>          Plaintiff,<br><br>v.<br><br>LEIDOS, INC.<br><br>          Defendant. | Case No.:  22-cv-0060-LL-BGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL FURTHER DEPOSITION TESTIMONY AND TO PRODUCE DOCUMENTS**<br><br>[ECF 31] |

## I.    INTRODUCTION

Defendant filed a motion seeking to compel deposition testimony of Plaintiff, an order to refrain from improper objections, production of documents, and sanctions. (Doc. 31.) The testimony he seeks to compel are answers to 16 questions to which Plaintiff's attorney instructed the Plaintiff not to respond. (*See* Doc. 31-8 at 2.[1]) Defendant seeks to compel production of responses to RFPs Nos. 6 and 35. (*Id.* at 15-19.) Defendant also seeks sanctions based on the objections made by Plaintiff's counsel during the deposition.

---

[1] Unless otherwise noted, the Court cites the CM/ECF electronic pagination.

(Doc. 31-1 at 16-17; Doc. 39 at 10.) Plaintiff agrees to allow a further deposition on questions 1-12 and 16. (Doc. 35 at 5-6.) However Plaintiff claims questions 13-15 violated the attorney-client privilege. (*Id.* at 6.) Plaintiff otherwise opposes Defendant's motion. (Doc. 35-1.)

## II. Deposition Questions 13-15

In his Opposition, Plaintiff for the first time contends that questions 13-15 violated the attorney-client privilege.[2] Those questions are:

> 13. What type of damages do you believe you incurred?
> 14. Are you seeking emotional distress damages?
> 15. Are you aware of the damages that you are seeking in this lawsuit?

Of note, Defendant asked Plaintiff if he believed he had emotional distress. (Doc. 31-7 at 18.) Plaintiff fully responded to that question. (*Id.*) The Court finds that Plaintiff in effect has answered question 14. Therefore, the Court deems question 14 answered. The issue of attorney-client involves questions 13 and 15.

"The attorney-client privilege, set forth at Evidence Code section 954, confers a privilege on the client 'to refuse to disclose, and to prevent another from disclosing, a confidential communication between client and lawyer.'" *Costco Wholesale Corp. v. Superior Ct.*, 47 Cal. 4th 725, 732 (2009) "Its fundamental purpose 'is to safeguard the confidential relationship between clients and their attorneys so as to promote full and open discussion of the facts and tactics surrounding individual legal matters." *Id.* (quoting *Mitchell v. Superior Ct*, 37 Cal. 3d 591, 599 (1984)). "The attorney-client privilege attaches to a confidential communication between the attorney and the client and bars

---

[2] Plaintiff objected at the deposition that the questions called for a legal conclusion. (Doc. 31-7 at 18-19 ("Calls for a legal conclusion. Instruct not to answer.") The Court finds these questions elicit facts and are not asking the Plaintiff to apply law to fact. (See Section III.)

discovery of the communication irrespective of whether it includes unprivileged material." *Id.* at 734.

"The party claiming the privilege has the burden of establishing the preliminary facts necessary to support its exercise, *i.e.*, a communication made in the course of an attorney-client relationship." *Id.* at 733 (citing *D.I. Chadbourne, Inc. v. Superior Ct.*, 60 Cal. 2d 723, 729 (1964) and *Wellpoint Health Networks, Inc. v. Superior Ct.*, 59 Cal. App. 4th 110, 123 (1997)). "Once that party establishes facts necessary to support a prima facie claim of privilege, the communication is presumed to have been made in confidence and the opponent of the claim of privilege has the burden of proof to establish the communication was not confidential or that the privilege does not for other reasons apply. *Id.* (citing Evid. Code § 917(a) and *Wellpoint Health Networks, Inc.*, 59 Cal. App. 4th at 123–124).

Where the privilege applies, it may not be used to "shield facts, as opposed to communications, from discovery." *Zurich Am. Ins. Co. v. Superior Court*, 155 Cal. App. 4th 1485, 1504 (2007); *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981) ("The protection of the privilege extends only to *communications* and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing") (emphasis in original) (citation omitted). "[R]elevant fact[s] may not be withheld merely because [they were] incorporated into a communication involving an attorney," *Zurich Am. Ins. Co.*, 155 Cal. App. 4th at 1504, and knowledge that is not otherwise privileged does not become so "merely by being communicated to an attorney." *Costco Wholesale Corp.*, 47 Cal. 4th at 735.

"Obviously, a client may be examined on deposition or at trial as to the facts of the case, whether or not he has communicated them to his attorney." *Costco*, 47 Cal. 4th at 735. "While the privilege fully covers communications as such, it does not extend to subject matter otherwise unprivileged merely because that subject matter has been communicated to the attorney." *Id.* "Thus, 'a litigant may not silence a witness by having

him reveal his knowledge to the litigant's attorney'" *Id.* (quoting *D.I. Chadbourne, Inc.*, 60 Cal. 2d at 734).

Other than stating in his Opposition that these questions involved the attorney-client privilege, Plaintiff does not put forth any facts to support this contention. In fact, Plaintiff's counsel did not object at the deposition based on that privilege. Further, to the extent Plaintiff believes he has been harmed in this case, these questions elicit facts as opposed to confidential communications. Because the word 'damages' has legal connotations, the Court will allow Defendant to ask whether Plaintiff believes he has been harmed and if so, what harm he suffered.

### III.  Objections at the Deposition

Instructions not to answer are limited to circumstances where it is "necessary to preserve a privilege; to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(3)," *i.e.* bad faith, etc. Fed. R. Civ. P. 30(c)(2); *Vestin Realty Mortg. II v. Klaas*, Civil No. 08cv2011 LAB (AJB), 2010 WL 4259946, at *3 (S.D. Cal. Oct. 25, 2010)("A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)."); Fed. R. Civ. P. 30(c)(2). "Grounds for instructing a civil deponent not to answer a question are very limited." *Universal Trading & Inv. Co. v. Kiritchenko*, No. C-99-03073 MMC (EDL), 2007 WL 2300740, *3 (N.D. Cal. Aug. 2, 2007).

Plaintiff's attorney instructed him not to answer on 16 questions. (Doc. 31-8 at 2.) The basis for all the objections were either "private," "overbroad," or "calls for a legal conclusion." Plaintiff made the objection "calls for legal conclusion" on questions 8-16. Of note, none of the objections stated "privilege." In his Opposition, Plaintiff does not assert that his objection based on "private" related to any recognized privilege. In fact, he only argues that questions 13-15 violated the attorney-client privilege. Plaintiff's counsel now agrees to allow him to answer questions 1-12, and 16. He claims only questions 13-15 involve attorney-client privilege and involve Plaintiff applying law to fact. (Doc. 35 at 5-6.)

Plaintiff also seems to argue contention interrogatories would be preferable to deposition questions as to some of the questions asked. (Doc. 35 at 4-5.) Contention interrogatories systematically track all of the allegations in an opposing party's pleadings and ask for "each and every fact" and application of law to fact. *Aldapa v. Fowler Packing Co. Inc.*, 310 F.R.D. 583, 591 (E.D. Cal. 2015). "If the deposing party wants to know facts, it can ask for facts; if it wants to know what the adverse party is contending, or how it rationalizes the facts as supporting a contention, it may ask that question in an interrogatory." *Rifkind v. Superior Ct.*, 22 Cal. App. 4th 1255, 1262 (1994). "The party answering the interrogatory may then, with aid of counsel, apply the legal reasoning involved in marshaling the facts relied upon for each of its contentions." *Id.*

The Court has reviewed the questions to which Plaintiff objected based on "calls for legal conclusion." All the questions ask for facts. They do not require Plaintiff to apply the law to the facts as is required for a contention question. Therefore, Plaintiff should have been allowed to answer those questions.

The Court finds that Plaintiff's counsel violated Rule 30(c)(2) because the Plaintiff's attorney's instructions not to answer were not to preserve a privilege, nor did they involve contention questions for which an interrogatory would have been the appropriate procedure. Rule 30(d)(2) provides that the Court may impose an appropriate sanction on a person who impedes, delays, or frustrates the fair examination of the deponent. "The sanctions under Rule 30(d)(2) 'may include attorney's fees incurred as a result of the improper conduct and the necessity of filing a motion with the Court.'" *Lee v. Pep Boys-Manny Moe & Jack of California*, No. 12-CV-05064-JSC, 2015 WL 9268118, at *3 (N.D. Cal. Dec. 21, 2015) (quoting *BNSF Ry. Co.*, 2009 WL 3872043, at *3). Rule 30(d)(2) sanctions are discretionary. *Id.* (citing *Batts v. Cnty. of Santa Clara*, No. C 08-00286 JW, 2010 WL 545847, at *2 (N.D. Cal. Feb. 11, 2010).

The Court finds that Plaintiff's attorney's instructions not to answer delayed Defendant's fair examination of the deponent. In its discretion, the Court finds the appropriate sanction here is for Plaintiff to pay the reasonable costs of the second

deposition.[3] The parties are to meet and confer regarding those costs. If an agreement cannot be made, they are to jointly contact the Court by February 3, 2023.[4]

Given the 16 questions that were not answered, the Court finds that the remaining time left is sufficient to complete the second deposition. This time frame includes Defendant's request to ask follow-up questions. (Doc. 31-2 at 5.) If more time is needed, the parties can contact the Court. Of note, any objection made during the deposition must be stated concisely in a nonargumentative and nonsuggestive manner. Rule 30(c)(2).[5] The deposition of the Plaintiff must be done by February 24, 2023.

## IV. Request for Production #6 and #35

Defendant's RFP #6 seeks income Plaintiff earned from any source other than Defendant since January 2021. (Doc. 31-5 at 7.) RFP #35 seeks documents showing his efforts to mitigate damages. (Doc. 31-5 at 22.) Plaintiff has not objected to these RFPs. (Doc. 31-1 at 15-16.)

Defendant claims Plaintiff should have produced wage statements and Plaintiff's unemployment insurance application and compensation received. (*Id.* at 15.) Plaintiff contends that he produced all wage statements in the possession of the Plaintiff. (Doc. 35

---

[3] Plaintiff objected to sanctions arguing Defendant violated Civil Local Rule 26.1(a) by not meeting and conferring adequately. (Doc. 35 at 2.) The Court notes the parties had two telephone calls and a series of emails regarding this discovery dispute. (*See* Doc. 35 at 3 and 31-9 at 2-11.) The Court finds this conduct satisfied Civil Local Rule 26.1(a).
[4] Defendant seeks sanctions under Rule 37 for prevailing on this motion to compel. Defendant has not entirely prevailed and the Court in its discretion does not award attorney's fees for motion preparation. *See* Rule 37(a)(5)(C).
[5] Defendant seeks sanctions for Plaintiff allegedly making 94 objections during the deposition. (Doc. 31-1 at 17.) Plaintiff provided only parts of the deposition during which counsel for the Plaintiff instructed the Plaintiff not to answer. Therefore, the Court is not in a position to decide whether any additional objections made by Plaintiff's counsel violated Rule 30(c)(2). Accordingly, the Court denies Defendant's motion to order Plaintiff to refrain from improper objections.

at 7.) As regards unemployment insurance payments and benefits he claims privacy but does not provide any legal rationale. (*Id.* at 6.)

The Court finds wage statements and unemployment payments and benefits to be relevant to Plaintiff's efforts to mitigate damages. However, the Court will allow Plaintiff to file a motion if he chooses as to why the insurance compensation and benefits are private and not discoverable. Plaintiff has until February 3, 2023 to file no more than a 3-page brief supported by legal authority. If he chooses not to file, the Court orders Plaintiff to provide these documents to the extent such documents are in the possession, custody, control of Plaintiff by February 10, 2023. If Plaintiff files a brief addressing why the the insurance compensation and benefits are private and not discoverable, Defendant can file an opposition limited to 3 pages by February 10, 2023. Finally, Defendant has not shown the relevance of Plaintiff's application for unemployment benefits to his duty to mitigate. Accordingly, Plaintiff does not have to provide it.

## V. Extension of Deadline to File

Defendant seeks a 30-day extension of the February 6, 2023 deadline to file a motion for summary judgment. (Doc. 31-1 at 18; Doc. 39 at 10.) Plaintiff does not oppose the extension request. Given the deadlines set above regarding the completion of Plaintiff's deposition and the potential for further briefing regarding the insurance compensation and benefits, the February 6, 2023 deadline is extended to March 24, 2023.

## VI. CONCLUSION

For the foregoing reasons the Court grants in part and denies in part Defendant's motion to compel as set forth above.

**IT IS SO ORDERED.**

Dated:  January 23, 2023

_____
Hon. Bernard G. Skomal
United States Magistrate Judge