UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BAIRD,<br><br>                Plaintiff,<br><br>v.<br><br>LEIDOS, INC.<br><br>                Defendant. | Case No.: 22-cv-0060-LL-BGS<br><br>**ORDER ON DISPUTE REGARDING UNEMPLOYMENT PAYMENTS AND BENEFFITS**<br><br>[ECF 42] |

The Court issued an Order on a Motion to Compel regarding Plaintiff's deposition and two requests for production of documents (RFP Nos. 6 and 35). (ECF 40.) As discussed further below, the Court permitted additional briefing on whether documents showing Plaintiff's unemployment payments and benefits were properly withheld based on privacy protections. The Court finds the privilege asserted by Plaintiff does not apply to these documents, but even if it did, Plaintiff has waived the privilege and the parties' Protective Order sufficiently protects Plaintiff's privacy concerns.

**I.    Background**

Plaintiff's First Amended Complaint ("FAC") alleges that after working for Defendant for a number of years, he was granted medical leave based on a broken arm. (ECF 1-2 at 12-25 ("FAC") ¶¶ 1-2, 15-16.) Plaintiff was then granted leave for a cardiac ablation. (FAC ¶ 17.) After returning to work still subject to restrictions and reporting a health and safety issue to his supervisor, Plaintiff alleges he was forced to perform his

full duties and to obtain a new note to extend his restrictions. (FAC ¶¶ 18-20.) The FAC alleges Plaintiff was attacked by another employee, suspended the following day, and then interrogated a week later regarding his political beliefs. (FAC ¶¶ 21-23.) Shortly thereafter, Plaintiff was terminated.

Plaintiff asserts claims for: unlawful retaliation (California Labor Code § 6310); failure to provide a reasonable accommodation (California Government Code § 12940(a)); failure to engage in the interactive process as to Plaintiff's physical condition (California Government Code § 12940(n)); retaliation for requesting a disability-related accommodation and taking medical leave (California Government Code § 12940(h)); failure to prevent discrimination or retaliation (§ 12940(k)); violation of the California Family Rights Act (California Government Code § 12945.1, *et seq*.); and wrongful discharge in violation of public policy (California Labor Code § 6310 and California Government Code §§ 12900-12996). (FAC ¶¶ 25-83.)

**II.   Previous Motion and Ruling**

Following briefing, the Court issued an Order on Defendant's Motion to Compel. (ECF 40.) In addition to moving to compel Plaintiff to answer deposition questions Plaintiff refused to answer at his deposition, Defendant argued Plaintiff had not fully responded to RFP Nos. 6 and 35. (*Id.* at 6-7.[1]) RFP 6 seeks documents showing Plaintiff's income from any source other than Defendant since January 2021 and RFP 35 seeks documents showing efforts to mitigate damages. (*Id.* at 6.)

Defendant argued Plaintiff should have produced his unemployment application and compensation received. (ECF 31-1 at 1-3, 11-12.) Defendant did not argue any basis for relevancy. Plaintiff's Opposition asserted a privacy objection as to unemployment documents, but provided no legal authority or other explanation in support. (ECF 35 at 2, 6.)

---

[1] Unless otherwise noted, the Court cites the CM/ECF electronic pagination.

The Court found Defendant had not shown how Plaintiff's application for unemployment benefits was relevant to mitigation of damages, but documents showing Plaintiff's unemployment payments and benefits were relevant to Plaintiff's efforts to mitigate damages. (ECF 40 at 7.) The Court allowed Plaintiff to submit a 3-page brief addressing whether the unemployment payments and benefits were private and not discoverable. (*Id.*) The Court permitted Defendant to file a 3-page Opposition addressing Plaintiff's brief on privacy. (*Id.*)

### III.   Parties' Additional Briefing

On the issue of the privacy of Plaintiff's unemployment payments and benefits, Plaintiff now seems to argue these documents are privileged because they are subject to privacy or confidentiality protections. (ECF 42 at 2-3.) Plaintiff quotes Rule 26(b)(1) with emphasis on "non-privileged matter." (*Id.* at 2.) Plaintiff then identifies 20 C.F.R. § 603.4 and California Unemployment Insurance Code §§ 1094 and 2111. (*Id.* at 3.) Plaintiff goes on to argue that because Plaintiff has a privacy right in the discovery sought, the discovery should only be allowed if there are no less intrusive means of obtaining it. (*Id.* at 3-4.) Plaintiff also asserts he has not waived this privilege by bringing this lawsuit. (*Id.* at 4.)

Defendant asks the Court to reconsider its prior decision that Plaintiff's unemployment application need not be produced and compel Plaintiff to produce all unemployment records, including his application and compensation received. (ECF 43 at 2.) Defendant argues that because, under California Evidence Code § 1040(b), the privilege to refuse to disclose official information belongs to the public entity, Plaintiff cannot assert it. (ECF 43 at 3.) Addressing the sections raised by Plaintiff, Defendant argues the privilege afforded by §§ 1094 and 2111 was waived by bringing this action, and to the extent there are any privacy concerns, they are mitigated by the existing Protective Order. (*Id.* at 3-4.) Defendant also notes Plaintiff failed to explain why the Protective Order is insufficient to address his privacy concerns. (*Id.* at 3.)

## IV. Analysis

### A. Reconsideration

The Court's prior Order found that Plaintiff did not have to produce his application for unemployment benefits because Defendant had not shown the relevance of Plaintiff's application to his duty to mitigate. (ECF 40 at 7.) "The party seeking to compel discovery has the burden of establishing that [their] request[s] satisfy the relevancy requirements of Federal Rule 26(b)(1)." *Louisiana Pac. Corp. v. Money Market 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012) (citing *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995)).

Defendant now requests the Court to reconsider that determination and asserts that "statements [Plaintiff] ma[de] to the EDD regarding the scope of work he sought, any accommodations needed and whether he claimed to be disabled are entirely relevant," and that "unemployment records could show plaintiff's subjective beliefs as to the reasons [Defendant] terminated him, his competence, and his overall treatment as well as revealing any history of inconsistent statements." (ECF 43 at 2.)

However, there is no explanation why this argument regarding relevancy was not raised in Defendant's Motion to Compel or its Reply in support of the Motion to Compel. Despite filing a 14-page brief in support of its Motion to Compel, Defendant simply identified the RFPs and asked the Court to Order Plaintiff to provide responsive documents without addressing the relevancy of the unemployment application. (ECF 31-1 at 15-16.) Defendant's Reply to Plaintiff's Opposition to the Motion to Compel similarly did not address relevancy other than stating that "[u]nemployment records go to Plaintiff's mitigation efforts and are relevant to Plaintiff's claim for disability discrimination." (ECF 39 at 9.)

Now, for the first time, Defendant is arguing a basis for the relevancy of Plaintiff's unemployment application in a brief that did not permit Defendant to address this issue. The Court permitted Plaintiff to file a 3-page brief addressing why the unemployment payments and benefits are private and not discoverable with Defendant permitted to file a

3-page Opposition to Plaintiff's brief on the same issue.[2] (ECF 40 at 7.) Additionally, because the Court set a specific briefing schedule to address a narrow issue, Plaintiff has had no opportunity to respond to Defendant's newly raised arguments on relevancy. Defendant is also seeking reconsideration of a portion of the Court's Order on the Motion to Compel without complying with the requirements of Civil Local Rule 7.1.i.[3]

Defendant has also not explained how its new basis for relevancy falls within the scope of RFP 35. RFP 35 states, "Please produce any and all DOCUMENTS CONCERNING YOUR efforts to mitigate YOUR damages alleged in the COMPLAINT." (Decl. of Andrew J. Deddeh in support of Defendant's Motion to Compel, Exhibit B [ECF 31-5 at 22].) "The doctrine of mitigation of damages holds that a plaintiff who suffers damage as a result of either a breach of contract or a tort has a duty to take reasonable steps to mitigate those damages and will not be able to recover for any losses which could have been thus avoided." *Valle de Oro Bank v. Gamboa*, 26 Cal. App.

---

[2] Defendant's Opposition was also filed late. It was due on February 10, 2023 and was not filed until February 14, 2023.

[3] Applications for Reconsideration

> Whenever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part, or has been granted conditionally or on terms, and a subsequent motion or application or petition is made for the same relief in whole or in part upon the same or any alleged different state of facts, it will be the continuing duty of each party and attorney seeking such relief to present to the judge to whom any subsequent application is made an affidavit of a party or witness or certified statement of an attorney setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application.

Civil Local Rule 7.1.i.

4th 1686, 1691 (1994); CACI 3961. "A plaintiff has a duty to mitigate damages and cannot recover losses it could have avoided through reasonable efforts." *Thrifty-Tel, Inc. v. Bezenek*, 46 Cal. App. 4th 1559, 1569 (1996); CACI 3961. Defendant's new relevancy argument appears to be targeted to Plaintiff's belief about why he was terminated, his competence, and whether he made inconsistent statements. (ECF 43 at 2.) However, Defendant does not explain how that falls within the scope of RFP 35' request for documents concerning Plaintiff's efforts to mitigate the damages alleged.

The Court is not persuaded it should reconsider its ruling on this issue when it has been raised as Defendant raises it here. Defendant is improperly raising a new argument it could have raised earlier without any opportunity for Plaintiff to respond. Additionally, Defendant does not acknowledge or explain why it failed to raise this issue in its two prior briefs and has not complied with the requirements for reconsideration. Finally, even if the Court did reconsider despite these deficiencies, Defendant has not explained how this new basis for relevancy falls within the scope of RFP 35.

### B. Unemployment Compensation and Benefits

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The Court has already determined that Plaintiff's unemployment payments and benefits are relevant to Plaintiff's efforts to mitigate damages.[4] (ECF 40 at 7.) Only the

---

[4] The Court is not making a finding as to the admissibility of Plaintiff's unemployment payments and benefits. Under Rule 26(b)(1), [i]nformation within th[e] scope of discovery need not be admissible in evidence to be discoverable."

privacy issue raised by Plaintiff is at issue as to these documents. The parties' briefing raises two issues: (1) whether the privilege applies and (2) if Plaintiff has waived the privilege. The Court finds Plaintiff has not shown that the privilege asserted applies to the documents the Court has found relevant. However, even if it did, Plaintiff has waived the privilege by bringing this action.

As the party opposing production of documents showing unemployment payments and benefits, Plaintiff "has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining, and supporting [their] objections with competent evidence." *Louisiana Pac. Corp.*, 285 F.R.D. at 485 (citing *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002)). "An opposing party can meet its burden by demonstrating that the information is being sought to delay bringing the case to trial, to embarrass or harass, is irrelevant or *privileged*, or that the person seeking discovery fails to show need for the information." *Colaco v. ASIC Advantage Simplified Pension Plan*, 301 F.R.D. 431, 434 (N.D. Cal. 2014) (emphasis added) (citing *Khalilpour v. CELLCO P'ship*, No. C 09-02712 CW (MEJ), 2010 WL 1267749, at *3 (N.D. Cal. April 1, 2010)); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 n. 17 (1978).

Here, Plaintiff's only basis for not producing documents showing his payments and benefits from unemployment, is privilege. Plaintiff asserts privilege based on California Unemployment Insurance Code §§ 1094 and 2111.[5] "In diversity actions, questions of privilege are controlled by state law." *In re Cal. Pub. Util. Comm'n*, 892 F.2d 778, 781 (9th Cir. 1989) (citing Fed. R. Evid. 501 and *Liew v. Breen*, 640 F.2d 1046, 1049 (9th Cir.1981)).

The California Unemployment Insurance Code sections Plaintiff relies on to argue Plaintiff's payment and benefits from unemployment are privileged provide as follows:

---

[5] Because Plaintiff does not cite any authority indicating § 603.4 creates a privilege Plaintiff could claim or provide any argument to that end, the Court addresses it below in considering Plaintiff's privacy concerns. (*See* IV.B.3.)

7

> (a) Except as otherwise specifically provided in this code, the information obtained in the administration of this code is confidential, not open to the public, and shall be for the exclusive use and information of the director in discharge of his or her duties.
> (b) The information released to authorized entities pursuant to other provisions of the code shall not be admissible in evidence in any action or special proceeding, other than one arising out of the provisions of this code or one described in Section 1095.

Cal. Unemp. Ins. Code § 1094.

> Except as otherwise provided in Section 1094, and except with respect to information furnished by the department in connection with its participation as a party or as a lien claimant in a judicial or administrative proceeding, information obtained in the course of administration of this division is confidential and shall not be published or open to public inspection in any manner. Any officer or employee of the state (including its political subdivisions), or any former member, officer or employee or other individual, who in the course of his or her employment or duty has or had access to returns, reports, or documents maintained under this division, who violates this section is in violation of this chapter.

Cal. Unemp. Ins. Code § 2111.

Plaintiff argues that information delivered to the Department of Employment or Employee Development Department ("EDD") shall not be published or open to the public under either and is not admissible in evidence in any action or special proceeding. (ECF 42 at 2-3 (citing *Crest Catering Co. v Sup. Crt. of Los Angeles Cnty.*, 62 Cal. 2d 274, 276-77 (1965).) Plaintiff argues the *Crest* court found § 1094 is a bar as to both admissibility and as to discovery. (*Id.* at 2.)

The Court first addresses application of the privilege and then considers whether it has been waived.

### 1. Privilege

Plaintiff seems to argue Plaintiff's unemployment payments and benefits are protected by a privilege created by §§ 1094 and 2111. (ECF 42 at 2-4.) Defendant does not explicitly argue the privilege does not apply to Plaintiff's unemployment payments

and benefits,[6] but argues Plaintiff cannot assert the privilege because only the government entity holds the privilege. (ECF 43 at 3 (citing Cal. Evid. Code § 1040, *In re Cal. Pub. Utils. Comm'n*, 892 F.2d 778, 783 (9th Cir. 1989), *Music Grp. Macao Com. Offshore Ltd.*, Case No. 14-cv-3078-JSC, 2015 WL 3993147, at * 4 (N.D. Cal. June 20, 2015).

Plaintiff argues the privilege created by §§ 1094 and 2111 protects the "confidentiality of information submitted to the [EDD]." (ECF 42 at 2 ("These provisions manifest a clear legislative purpose to preserve the confidentiality of information submitted to the Department of Employment.") (citing *Webb v. Standard Oil Co.*, 49 Cal. 2d 509, 513 (1957)).) However, Plaintiff does not explain how documents showing Plaintiff's unemployment payments and benefits constitute information *submitted to* the EDD.

In *Crest*, the court found, as quoted by Plaintiff, that "[t]hese provisions manifest a clear legislative purpose to preserve the confidentiality of information *submitted to* the Department of Employment." *Crest*, 62 Cal. 2nd at 277 (emphasis added). This is consistent with the language of both statutes. As set forth above, the statutes' confidentiality protections apply to information "*obtained* in the administration of this code" (§ 1094 (emphasis added)) or "*obtained* in the course of administration of this division" (§ 2111 (emphasis added)). The court described § 1094 as applying to "information delivered" to EDD. *Crest*, 62 Cal. 2nd at 276. Plaintiff has not indicated that documents showing payments and benefits he received from unemployment were "obtained" by EDD or delivered to EDD. There is no explanation from Plaintiff how they fit within the boundaries of §§ 1094 and 2111.

---

[6] Defendant's briefing does not specifically address Plaintiff's unemployment payments and benefits, the only documents and issue here. Rather, Defendant's briefing refers generally to unemployment records.

Additionally, the circumstances of *Crest* are also distinguishable. In *Crest*, the lower court ordered a party "to produce for inspection copies of its quarterly returns *submitted to* the California State Department of Employment and federal agencies" because the reports contained information similar to records that had been destroyed. 62 Cal. 2d at 276 (emphasis added). The court ordered production of something specific that had been submitted to EDD.[7]

Here, despite having the burden of establishing these protections apply to these documents and arguing a privilege applies to documents submitted to the EDD, Plaintiff simply asserts the privilege applies to them. Plaintiff does not indicate that documents showing his payments and benefits from unemployment have been submitted to EDD or explain why they should be treated the same despite not being submitted to or obtained by the EDD. Plaintiff has failed to establish the privilege recognized in *Crest* based on § 1094 and 2111 applies to documents showing Plaintiff's unemployment payments and benefits.

Because the Court finds Plaintiff has not established that the documents at issue here fall within scope of those protected by §§ 1094 and 2111, *i.e.* documents submitted to EDD, the Court need not reach Defendant's argument that Plaintiff cannot assert the privilege because it belongs only to the public entity pursuant to §§ 1040(b).[8]

---

[7] As noted above, the Court previously found Defendant failed to establish the relevancy of Plaintiff's unemployment application that was presumably submitted to EDD. (ECF 40 at 7.)

[8] Defendant argues Plaintiff cannot assert the privilege because the qualified privilege in California Evidence Code § 1040 against agency disclosure belongs to the public entity. "Section 1040 of the California Evidence Code creates a qualified privilege against agency disclosure of 'official information,' which is defined as 'information acquired in confidence by a public employee in the course of his or her duty and not open, or officially disclosed, to the public ...'" *In re California Public Utilities Comm'n*, 892 F.2d at 783. While Defendant cites a case to support the conclusion that only a government entity can assert the § 1040 privilege, Defendant does not explain why § 1040 would alter the privilege Plaintiff relies on that was recognized in *Crest* and based on §§ 1094 and

### 2. Waiver

Even if the Court found documents showing Plaintiff's unemployment payments and benefits were privileged based on §§ 1094 and 2111 under *Crest*, the Court would find Plaintiff has waived the privilege by pursuing this action. A waiver may occur (1) by an intentional relinquishment or (2) as the 'result of an act which, according to its natural import, is so inconsistent with an intent to enforce the right as to induce a reasonable belief that such a right has been relinquished.'" *Crest*, 62 Cal. 2d at 278; *Schatz v. Flowers Baking Co. of Henderson*, Case No. 20-cv-513-H-LL, 2021 WL 1017296, at *3 (S.D. Cal. March 17, 2021) (quoting *Crest* and finding a plaintiff waived the EDD protection as to a disability application by bringing a lawsuit alleging disability discrimination); *Romano v. AT&T Mobility Servs, LLC*, Case No. 20-cv-0698-JLS-KSC, 2020 WL 6741677, at *3 (S.D. Cal. Nov. 17, 2020) (finding privilege waived as to documents pertaining to unemployment benefits by bringing age discrimination suit).

Defendant argues Plaintiff waived the protection of §§ 1094 and 2111 by bringing "a lawsuit, the gravamen of which is so inconsistent with the continued assertion of the … privilege as to compel the conclusion that the privilege ha[s] in fact been waived." (ECF 43 at 4 (quoting *Chavez v. Sw. Key Program, Inc.*, Case No. 11cv1878-CAB-NLS, 2012 WL 12868258, at *2 (S.D. Cal. Aug. 2, 2012) and citing *Cabrales v. Aerotek, Inc.*, Case No. EDCV 17-1531-JGB-KKx, at *4 (C.D. Cal. May 8, 2018).) Defendant argues the gravamen of Plaintiff's case is disability discrimination and wrongful termination and

---

2111. (ECF 43 at 3 (citing *Music Grp. Macao Com. Offshore Ltd.*, Case No. 14-cv-3078-JSC, 2015 WL 3993147, at *4 (N.D. Cal. June 20, 2015) (denying request by a plaintiff to seal documents based on § 1040 because "only the government entity holds the privilege."); *see also Romano v. AT&T Mobility Servs., LLC*, Case No. 20-cv-0698-JLS-KSC, 2020 WL 6741677, *2-3 (S.D. Cal. Nov. 17, 2020) (case Defendant quotes heavily from without citation that treated the privileges under § 1040 and *Crest* based on § 1094 separately). Defendant also does not address Plaintiff's very specific argument that the *Crest* party was not a public entity and the court found it could assert the privileged before finding it was waived.

this is inconsistent with assertion of the protections of the Unemployment Insurance Code for documents pertaining to unemployment benefits. (ECF 43 at 4.) Defendant argues it is particularly inconsistent because Plaintiff alleges he was terminated because of his disability. (*Id.*) Plaintiff acknowledges this privilege may be waived, as it was in *Crest*, but argues his conduct is distinguishable from the conduct of the party asserting the privilege in *Crest*. (ECF 42 at 3-4.)

The Court agrees with Plaintiff that he did not specifically waive this privilege by providing written authority to disclose his information as the party in *Crest* did, (ECF 42 at 4), however, that does not necessarily mean he did not waive the privilege by pursuing this action. *See Crest*, 62 Cal. 2d at 277-279 (explaining that the first test for waiver, intentional relinquishment, was met because Crest agreed in a union contract to furnish all necessary information upon demand). Defendant is not arguing intentional relinquishment. Defendant is arguing the second test applies, that 'bringing an action for disability discrimination and wrongful termination and claiming he was terminated because of his disability is so inconsistent with asserting the privilege as to unemployment documents that is has been relinquished. (ECF 43 at 4.)

Neither party specifically addresses the documents at issue here, Plaintiff's unemployment payments and benefits, (*see* IV.A), however, the Court finds the cases addressing waiver as to a greater breadth of unemployment documents potentially protected by §§ 1094 and 2111 are persuasive here. *Cabrales*, 2018 WL 2121829 at *4 (finding that to the extent EDD unemployment documents were protected, the protection has been waived because a disability discrimination suit is inconsistent with assertion of the protection of the California Unemployment Insurance code)(citations omitted); *Schatz*, 2021 WL 1017296 at *3-4 (finding the plaintiff waived the protections in §§ 1094 and 2111 as to a disability application by bringing a lawsuit alleging disability discrimination); *see Romano*, 2020 WL 6741677, at *3 ("The gravamen of plaintiff's age discrimination suit is inconsistent with the continued assertion of the protections of the California Unemployment Insurance Code for documents pertaining to unemployment

benefits); *see also Chavez*, 2012 WL 12868258, at *2 ("[G[ravaman of the disability discrimination suit is inconsistent with the continued assertion of the protections of the California Unemployment Insurance Code for documents relating to disability application and benefits.). Bringing an action alleging he was not accommodated, was retaliated against, and eventually terminated because of a disability is inconsistent with asserting a privilege as to unemployment documents that followed his termination, including payments and benefits. Additionally, Plaintiff has put his damages and mitigation of them at issue by bringing this action. Even if the documents were subjection to the protections of §§ 1094 and 2111, the Court finds those protections have been waived.

### 3. Protective Order

In addition to the specific privilege recognized in *Crest*, Plaintiff asserts a privacy right in his unemployment payments and benefits and argues their disclosure would violate § 603.4. (ECF 2-3.) In doing so Plaintiff argues the Court should "consider whether protective measure, safeguards and other alternatives may minimize the privacy intrusion," (ECF 42 at 5.) However, Plaintiff does not explain why the existing Protective Order is insufficient to address these confidentiality concerns. As Defendant explains, and would presumably agree in receiving these documents, Plaintiff may designate them as confidential, thereby prohibiting their disclosure outside the litigation. (ECF 43 at 3.)

The Protective Order already in place is sufficient to address Plaintiff's privacy concerns. *See Cabrales*, 2018 WL 2121829 at *4 (Finding waiver and ordering production of unemployment documents "subject to a protective order limiting public disclosure of the documents and use for any purpose other than prosecuting this litigation …"); *Romano*, 2020 WL 6741677 at *2 ("To the extent there are any legitimate privacy concerns in the absence of privilege, the Court finds that such concerns can be mitigated by the parties' Protective Order."); *Schatz*, 2021 WL 1017296 at *4 ("To the extent that the parties have legitimate privacy concerns in the absence of privilege, such material may be handled according to the parties' protective order.")

## V. CONCLUSION

Plaintiff shall produce documents showing his unemployment payments and benefits subject to appropriate designation under the Protective Order.

**IT IS SO ORDERED.**

Dated: March 16, 2023

Hon. Bernard G. Skomal
United States Magistrate Judge