Andrew J. Deddeh CA Bar No. 272638
andrew.deddeh@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4660 La Jolla Village Drive, Suite 900
San Diego, CA  92122
Telephone:   858-652-3100
Facsimile:    858-652-3101

Attorneys for Defendant LEIDOS, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BAIRD, an individual;<br><br>Plaintiff,<br><br>v.<br><br>LEIDOS, INC., a Delaware corporation; and DOES 1-99, inclusive;<br><br>Defendant. | Case No. 22CV60-LL-BGS<br><br>**DECLARATION OF AJLANA RAMIC IN SUPPORT OF DEFENDANT LEIDOS, INC.'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION**<br><br>Complaint Filed:  November 30, 2021<br>Trial Date:          Not Set<br><br>District Judge: Hon. Linda Lopez<br>Magistrate Judge: Hon. Bernard G. Skomal |

DECLARATION OF AJLANA RAMIC IN SUPPORT OF DEFENDANT LEIDOS, INC.'S MOTION FOR SUMMARY JUDGMENT

I, Ajlana Ramic, declare:

1.     LEIDOS Inc. ("LEIDOS") employs me as the Human Resources Business Manager, Security Enterprise Solutions. I have worked at LEIDOS since May 4, 2020 and have held my current position since September 19, 2022. I have personal knowledge of the facts set forth herein which I believe to be true. I am over 18 years old and, if called as a witness, I could and would competently testify to the matters stated herein.

2.     In this position, I am familiar with and have access to the business and employment records of Leidos employees. I have knowledge, access to, possession, custody, and/or control over, among other things, certain personnel data for the workforce in California, including those of Plaintiff Steven Baird ("Plaintiff"). In preparing this Declaration, I assisted in the compilation and review of employee and personnel data for Plaintiff. The facts stated herein are known to me based on my personal knowledge and on Leidos business records. It is our regular practice to maintain such records. If called to testify, I could and would competently testify to the following.

3.     On approximately November 9, 2018 Plaintiff was provided an Offer Letter. Attached to the Appendix of Evidence as **Exhibit 7** is a true and correct copy of Plaintiff's Offer Letter.

4.     Plaintiff was approved for leave from January 19, 2021 through February 22, 2021. Plaintiff was expected to return for his first day back to work on February 23, 2021. However, Plaintiff returned to work a day early on February 22, 2021. Plaintiff did not submit any other request for leave. Attached to the Appendix of Evidence as **Exhibit 19** is a true and correct copy of a snapshot of the Leidos Intranet Dashboard.

5.     When Plaintiff returned from his leave on February 22, 2021, he submitted a request for accommodations. The accommodations were "no reaching above right shoulder" and "No lifting/carrying/pushing/pulling more than 20 pounds."

2                                    Case No. 22CV60-LL-BGS

DECLARATION OF AJLANA RAMIC IN SUPPORT OF DEFENDANT LEIDOS, INC.'S MOTION FOR SUMMARY JUDGMENT

These accommodations were approved by both his Manager John Sim and myself. Plaintiff did not submit any other request for accommodations. Attached to the Appendix of Evidence as **Exhibit 20** is a true and correct copy of the Approval Confirmation of ADA Accommodation.

6.      On March 3, 2021, I confirmed that Plaintiff's ADA Accommodation was approved. Attached to the Appendix of Evidence as **Exhibit 21** is a true and correct copy of the March 3, 2021 email exchange confirming approval and implementation of the ADA Accommodation.

7.      On July 21, 2022, Mr. Sim confirmed the accommodations Plaintiff submitted. Attached to the Appendix of Evidence as **Exhibit 22** is a true and correct copy of the July 21, 2022 email exchange.

8.      Leidos provides all employees with access to the Reasonable Accommodation Request Form. Plaintiff acknowledged receiving and reviewing this document electronically on November 14, 2018. Attached to the Appendix of Evidence as **Exhibit 23** is a true and correct copy of the Reasonable Accommodation Request Form and excerpt from the Intra-net dashboard showing Plaintiff's acknowledgement.

9.      On March 10, 2021 Plaintiff and non-employee sub-contractor Cooper Garner were involved in a physical altercation. A full investigation was conducted by the investigator Robert Athing. Mr. Athing completed a case summary of the investigation. Attached to the Appendix of Evidence as **Exhibit 25** is a true and correct copy of the Investigation Case Summary compiled by Robert Athing and his team.

10.      On March 12, 2021, Human Resources Business Partner Adam Johns notified Plaintiff that "Leidos is currently conducting a review into a workplace issue. You are being placed on administrative leave pending the outcome of this review. Please review the attached memo for additional details." Attached to the Appendix of Evidence as **Exhibit 24** is a true and correct copy of the email from Adam Johns to Plaintiff regarding administrative leave.

3                                    Case No. 22CV60-LL-BGS

DECLARATION OF AJLANA RAMIC IN SUPPORT OF DEFENDANT LEIDOS, INC.'S MOTION FOR SUMMARY JUDGMENT

11.     After a review of the findings from the investigation, Plaintiff was terminated. The reasons for Plaintiff's termination are listed in the Notice of Termination. Attached to the Appendix of Evidence as **Exhibit 32** is a true and correct copy of the Notice of Termination.

12.     Attached to the Appendix of Evidence as **Exhibit 8** is a true and correct copy of the Leidos Policy LP-HR-6: Workplace Environment.

13.     Attached to the Appendix of Evidence as **Exhibit 9** is a true and correct copy of the Leidos Policy LP-LG-1: Standards of Business Ethics and Conduct.

14.     Attached to the Appendix of Evidence as **Exhibit 10** is a true and correct copy of the Leidos Procedure PR-HR-6.8: Workplace Violence.

15.     Attached to the Appendix of Evidence as **Exhibit 11** is a true and correct copy of the Leidos Procedure PR-HR-6.12: Reasonable Accommodations for Employees and Applicants.

16.     Attached to the Appendix of Evidence as **Exhibit 12** is a true and correct copy of the Leidos Procedure PR-HR-6.3: Equal Employment Opportunity and Non-Discrimination and Leidos Procedure PR-HR-6.4: Harassment-Free Workplace.

17.     Attached to the Appendix of Evidence as **Exhibit 13** is a true and correct copy of Leidos' various leave policies.

18.     The reasons for Plaintiff's termination are listed in the Notice of Termination. Attached to the Appendix of Evidence as **Exhibit 32** is a true and correct copy of the Notice of Termination.

19.     Attached to the Appendix of Evidence as **Exhibit 33** is a true and correct copy of the Leidos Procedure PR-HR-6.10: Termination and Layoff.

Case No. 22CV60-LL-BGS

DECLARATION OF AJLANA RAMIC IN SUPPORT OF DEFENDANT LEIDOS, INC.'S MOTION FOR SUMMARY JUDGMENT

I declare under penalty of perjury under the laws of the State of California, State of New Hampshire and the United States of America that the foregoing is true and correct.

I executed this Declaration on March 20, 2023.


_Ajlana Ramic_
Ajlana Ramic

DECLARATION OF AJLANA RAMIC IN SUPPORT OF DEFENDANT LEIDOS, INC.'S MOTION FOR SUMMARY JUDGMENT

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 23, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Notice of Electronic Filing.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 23, 2023.


By:  */s/ Andrew J. Deddeh*
Andrew J. Deddeh

CERTIFICATE OF SERVICE

Case No. 22CV60-LL-BGS