Andrew J. Deddeh CA Bar No. 272638
andrew.deddeh@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4660 La Jolla Village Drive, Suite 900
San Diego, CA  92122
Telephone:   858-652-3100
Facsimile:   858-652-3101

Attorneys for Defendant LEIDOS, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BAIRD, an individual;<br><br>Plaintiff,<br><br>v.<br><br>LEIDOS, INC., a Delaware corporation; and DOES 1-99, inclusive;<br><br>Defendant. | Case No. 22CV60-LL-BGS<br><br>**DECLARATION OF JOHN SIM IN SUPPORT OF DEFENDANT LEIDOS, INC.'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION**<br><br>Complaint Filed:  November 30, 2021<br>Trial Date:           Not Set<br><br><br>District Judge: Hon. Linda Lopez<br>Magistrate Judge: Hon. Bernard G. Skomal |

1

Case No. 22CV60-LL-BGS

DECLARATION OF JOHN SIM IN SUPPORT OF DEFENDANT LEIDOS, INC.'S MOTION FOR SUMMARY JUDGMENT

I, John Sim, declare:

1.      LEIDOS Inc. ("LEIDOS") employs me as a Senior Mechanical Engineer. From approximately March 2019 to May 2021 Leidos employed me as the Mechanical Engineering Manager in Vista, California. I have worked at LEIDOS since June 2004 and have held my current position since May 2021. I have personal knowledge of the facts set forth herein which I believe to be true. I am over 18 years old and, if called as a witness, I could and would competently testify to the matters stated herein.

2.      I started working for LEIDOS as a Senior Mechanical Engineer. LEIDOS eventually promoted me to the Mechanical Engineering Manager in Vista, California. In my role, I manage the Mechanical Department in Vista, California. When Plaintiff Steven Baird ("Plaintiff") worked for LEIDOS as a machinist, I worked as his manager and direct supervisor.

3.      Leidos, is an American defense, aviation, information technology, and biomedical research company headquartered in Reston, Virginia, that provides scientific, engineering, manufacturing, systems integration, and technical services. Leidos works extensively with the United States Department of Defense, the United States Department of Homeland Security, and the United States Intelligence Community, including the NSA, as well as other U.S. government civil agencies and selected commercial markets.

4.      Everyone who worked in the machine shop was required to take and pass the Vista Machine Shop Certification before using any of the identified machines. Completion of the training was required to ensure everyone understood the safety rules to ensure a safe working environment. At the end of the document is the "Machine Shop User Authorization Matrix" which identifies every individual in the machine shop and which machines they were authorized to use. On the last page of the Vista Machine Shop Certification shows that Steven Baird was authorized to use all the machines. This meant that Plaintiff took and passed both modules identified. The Machine Shop Certification included two modules: Module 1 "Basic Machine Shop"

2

DECLARATION OF JOHN SIM IN SUPPORT OF DEFENDANT LEIDOS, INC.'S MOTION FOR SUMMARY JUDGMENT

and Module 2 "Advanced Machine Shop". Both modules prohibit anyone leaving a running machine unattended. On pages 4-6, Module 1 identifies 34 General Machine Shop Safety Rules and number 29 states: "Never leave a running machine unattended". On page 19, Module 2 reiterates this requirement in bullet point 17 saying "Do not leave running machine unattended." Both modules have Acknowledgements (page 17 & page 22) which the employee must sign and submit the to the manager to get their name on the Machine Shop User Authorization Matrix (last page). Attached to the Appendix of Evidence as **Exhibit 14** is a true and correct copy of LEIDOS's Vista Machine Shop Safety Manual and Certification.

5.       Since Plaintiff was authorized to use every machine in the machine shop, he would on occasion train his coworkers. On March 7, 2019 Plaintiff provided safety training to his co-worker Kevin Goodwin.  Attached to the Appendix of Evidence as **Exhibit 15** is a true and correct copy of the Certificate of Training of Kevin Goodwin.

6.       On or around September 3, 2020 I saw Plaintiff left the mill machine unattended while it was running which is in violation of the safety requirements in the Machine Shop Safety Manual. I was then required to wait for him at the machine until he returned to ensure the safety rules were being followed. Upon Plaintiff's return to the running machine Plaintiff claimed he should be allowed to leave the machine.  I then organized a meeting with Plaintiff, myself and the corporate safety officer Jeffrey King who was responsible for maintaining the "Machine Shop Safety Manual". I scheduled the meeting for September 8, 2020 to "Review Machine Shop Safety Requirements." Attached to the Appendix of Evidence as **Exhibit 16** is a true and correct copy of the September 8, 2020 calendar invite.

7.       Following the meeting, I sent an email to Plaintiff and Jeffrey King summarizing our discussion at the September 8, 2020 safety meeting. The summary states: "All attendees met at the CNC Mill to discuss operations/safety procedures. Main topic discussed was unattended Mill operation. It was determined that all current

3

safety protocols as outlined in the current Vista Machine Shop Certification document are valid and are expected to be adhered to without exception. The term "attended" was agreed upon to mean: a body physically in the shop to address any issues that may arise." The accommodation we agreed to at the safety meeting in case Plaintiff was required to step away was to "Create and post a list of phone numbers Steve can utilize to get someone there if the mill cannot be paused, and/or, if he needs to leave the shop with the mill running." Attached to the Appendix of Evidence as **Exhibit 17** is a true and correct copy of an email summarizing the topics discussed at the September 8, 2020 safety meeting.

8.    On September 10, 2020 I sent another calendar invite to train others on stopping the mill machine in Plaintiff's absence. The calendar invite states that "We've all agreed to have our phone numbers posted in the shop to be part of a phone tree Steve can utilize in case he needs to exit the shop quickly due to an unforeseen issue with the Mill running. This will allow the safety guidelines to be followed that state: 'never leave a running machine unattended' Steve will give us a quick training on how to safely stop the Mill if necessary." Attached to the Appendix of Evidence as **Exhibit 18** is a true and correct copy of the calendar invite for the September 10, 2020 meeting.

9.    After these meetings I posted the phone tree for Plaintiff to utilize when he needed to step away from a machine and I believe he never utilized the phone tree. Plaintiff never requested any additional accommodation to allow him to step away from a machine.

10.    I was informed that Plaintiff would be out on leave from approximately January 19, 2021 through February 22, 2021. It was my understanding that Plaintiff's first day back at work was to be February 23, 2021. However, Plaintiff returned to work a day early and his actual first day back at work was February 22, 2021. Attached to the Appendix of Evidence as **Exhibit 19** is a true and correct copy of a snapshot of the Leidos Intranet Dashboard.

11.    When Plaintiff returned from his leave on February 22, 2021 he

4

DECLARATION OF JOHN SIM IN SUPPORT OF DEFENDANT LEIDOS, INC.'S MOTION FOR SUMMARY JUDGMENT

informed me that he would need some simple accommodations which I immediately told him verbally that would not be a problem. The accommodations were "no reaching above right shoulder" and "No lifting/carrying/pushing/pulling more than 20 pounds." I approved the accommodations and let him know that if he ever needs assistance with any of the work restrictions to ask anyone in the warehouse. Additionally, I informed him that if he needed any further accommodations to let us know. I was never informed about any other accommodation request. Attached to the Appendix of Evidence as **Exhibit 20** is a true and correct copy of the Approval Confirmation of ADA Accommodation.

12.    On March 3, 2021, I confirmed that Plaintiff's ADA Accommodation was already approved and implemented. Attached to the Appendix of Evidence as **Exhibit 21** is a true and correct copy of the March 3, 2021 email exchange confirming approval and implementation of the ADA Accommodation. On or around July 21, 2021 I exchanged emails with others at Leidos regarding the approved accommodations. Attached to the Appendix of Evidence as **Exhibit 22** is a true and correct copy of the July 21, 2021 email exchange.

13.    On March 10, 2021 Plaintiff and non-employee sub-contractor Cooper Garner were involved in a physical altercation. Robert Athing conducted an investigation into the incident and I submitted a witness statements and was interviewed. Attached to the Appendix of Evidence as **Exhibit 28** is a true and correct copy of the witness statement and observed behavior assessment I submitted.

14.    On March 12, 2021, I was copied on an email where Human Resources Business Partner Adam Johns notified Plaintiff that "Leidos is currently conducting a review into a workplace issue. You are being placed on administrative leave pending the outcome of this review. Please review the attached memo for additional details." Attached to the Appendix of Evidence as **Exhibit 24** is a true and correct copy of the email from Adam Johns to Plaintiff regarding administrative leave.

15.    Through the investigation it became clear that Plaintiff had a pattern of

DECLARATION OF JOHN SIM IN SUPPORT OF DEFENDANT LEIDOS, INC.'S MOTION FOR SUMMARY JUDGMENT

making other employees uncomfortable. Prior to the incident with Mr. Garner, around February 2020, Plaintiff interacted with a group of Latin employees that would be the basis of later discussion with Plaintiff. I was informed that Plaintiff allegedly said something along the lines of "Latin folks are less susceptible to COVID than white people." A few people got angry, but no one reported Plaintiff at that time. In March 2020, Leidos employee Jim Shea let me know that Plaintiff made one of his guys uncomfortable, but Mr. Shea did not witness it. Then in April, an employee named Efren Ricardo, told me that Baird made him uncomfortable with the comment in February 2020. I addressed the comments with Plaintiff, and coached him on it. It was the first instance I knew about and so I did not write Plaintiff up on his actions. It was only after the workplace incident between Plaintiff and Cooper Garner was I aware of the extent of Plaintiff's poor reputation amongst his co-workers.

16. The reasons for Plaintiff's termination are listed in the Notice of Termination. Attached to the Appendix of Evidence as **Exhibit 32** is a true and correct copy of the Notice of Termination.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

I executed this Declaration on March 20, 2023.

John Sim

DECLARATION OF JOHN SIM IN SUPPORT OF DEFENDANT LEIDOS, INC.'S MOTION FOR SUMMARY JUDGMENT

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 23, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Notice of Electronic Filing.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 23, 2023.

By: */s/ Andrew J. Deddeh*
Andrew J. Deddeh