# EXHIBIT 35

Alan Romero (SBN 249000)
Email: ajr@romerolaw.com
Robert S. Myong (SBN 262097)
Email: rsm@romerolaw.com
Jessica Flores (SBN 282669)
Email: jrf@romerolaw.com
ROMERO LAW, APC
251 S. Lake Avenue, Suite 930
Pasadena, CA 91101-4873
Telephone: (626) 396-9900
Facsimile: (626) 396-9990

Attorneys for Plaintiff
STEVEN BAIRD

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BAIRD, an individual,<br><br>                              Plaintiffs,<br><br>   vs.<br><br>LEIDOS, INC., a Delaware; and DOES 1-99, inclusive;<br><br>                              Defendants. | Case No.: 3:22-cv-00060-BEN-RBB<br>Chief Judge: Roger T. Benitez<br>Magistrate Judge: Ruben B. Brooks<br><br>**PLAINTIFF STEVEN BAIRD'S RESPONSES TO DEFENDANT LEIDOS, INC.'S SPECIAL INTERROGATORIES (SET 1)**<br><br>Complaint Filed: November 30, 2021<br>Final Pretrial Conference: June 5, 2023 |

PROPOUNDING PARTY:    Defendant LEIDOS, INC.

RESPONDING PARTY:    Plaintiff STEVEN BAIRD

**1**                    CaseNo.3:22-cv-00060-BEN-RBB
PLAINTIFF STEVEN BAIRD'S RESPONSES TO DEFENDANT LEIDOS, INC.'S SPECIAL
INTERROGATORIES (SET ONE**)**

SET NUMBER:                    ONE (1)

## PRELIMINARY STATEMENT

Discovery has just commenced and this responding party is continuing to investigate the affirmative defenses of the propounding party and to gather documents, and facts disclosed within such documents from various sources in different locations. This responding party reserves the right to supplement and amend these responses. Nothing herein is intended to preclude or prejudice this responding party from introducing into evidence any documents, information or legal theories subsequently discovered, obtained or developed from any additionally produced documents or subsequently discovered facts.

If any information within the scope of the attorney/client privilege or absolute or conditional attorney work product doctrine is inadvertently disclosed, the answering party has not done so intentionally, and preserves the right to assert these privileges at any time in these proceedings, and further reserves the right to request return of all privileged information, including any copies or abstracts thereof.

In addition, all evidentiary objections as to any document or other evidence as well as foundational objection are reserved for trial or other proceedings and no waiver of any objection is to be implied from this response.  To the extent that the response might arguably waive an otherwise assertible objection or a claim of privilege, such waiver shall be limited to this response only and shall not extend to any further discovery requests or subpoenas.

The responding party reserves the right to supplement or otherwise modify the following responses given that discovery is ongoing and as further potentially responsive information is developed, if at all.

//

//

**2**                                            CaseNo.3:22-cv-00060-BEN-RBB
PLAINTIFF STEVEN BAIRD'S RESPONSES TO DEFENDANT LEIDOS, INC.'S SPECIAL INTERROGATORIES (SET ONE**)**

## SPECIAL INTERROGATORIES

### SPECIAL INTERROGATORY NO. 1:

IDENTIFY (by name, address, and telephone number) all PERSONS of which YOU are aware that can testify about the allegations in YOUR COMPLAINT.

### RESPONSE TO SPECIAL INTERROGATORY NO. 1:

Plaintiff objects to this interrogatory to the extent that it is vague, ambiguous, overbroad, and/or unduly burdensome in scope and/or time period.  Subject to and without waiving the foregoing objections and to the extent that Plaintiff understands this interrogatory, Plaintiff responds as follows:

John Sims (Plaintiff's Manager) (858) 826-9015 (work phone number), (619) 727-0277 (person cell phone); Cooper Gardner (Warehouse worker); James Wilson (Shipping and Receiving Manager) (contact info unknown); Erin Varela (Shipping and receiving clerk) (951) 427-7745; Ian Arroyo Avila (shipping and receiving clerk) (contact information unknown); Robert Athing (investigator, corporate security) (571) 526 6018 and (703) 789-4758.  Discovery is ongoing.

### SPECIAL INTERROGATORY NO. 2:

IDENTIFY (by name, address, and telephone number) all PERSONS, other than YOUR attorneys, with whom YOU have had any communications with concerning any of the allegations in this lawsuit, including when the communication(s) occurred, a brief description of the subject(s) of the communication(s), and any witnesses to the communication(s).

### RESPONSE TO SPECIAL INTERROGATORY NO. 2:

Plaintiff objects to this interrogatory to the extent that it is vague, ambiguous, overbroad, and/or unduly burdensome in scope and/or time period.  Plaintiff further objects to this interrogatory to the extent that it is compound.  Subject to and without

PLAINTIFF STEVEN BAIRD'S RESPONSES TO DEFENDANT LEIDOS, INC.'S SPECIAL INTERROGATORIES (SET ONE)

waiving the foregoing objections and to the extent that Plaintiff understands this interrogatory, Plaintiff responds as follows:

Plaintiff spoke with Erin Varela over the telephone 2 or 3 times in approximately 2021 about what was going on with the company. Plaintiff also requested a job reference from John Sim in 2021 over the telephone. Plaintiff is not aware of any witnesses to either conversation. Discovery is ongoing.

**SPECIAL INTERROGATORY NO. 3:**

IDENTIFY any HEALTH CARE PROVIDER from whom YOU received consultation, examination, or treatment and the dates you received the consultation, examination or treatment.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Plaintiff objects to this interrogatory to the extent that it is vague, ambiguous, overbroad, and/or unduly burdensome in scope and/or time period.

**SPECIAL INTERROGATORY NO. 4:**

IDENTIFY each and every HEALTH CARE PROVIDER that has treated YOU since January 2019 regarding any of the allegations in YOUR COMPLAINT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Plaintiff objects to this interrogatory to the extent that it is vague, ambiguous, overbroad, and/or unduly burdensome in scope and/or time period. Subject to and without waiving the foregoing objections and to the extent that Plaintiff understands this interrogatory, Plaintiff responds as follows:

Kaiser Permanente San Diego.

**SPECIAL INTERROGATORY NO. 5:**

IDENTIFY each and every social networking website (e.g., Myspace, LinkedIn, Facebook, Instagram, Snapchat, Google+, Twitter, Tumblr, Pinterest, Meetup, TikTok, etc.) YOU have participated in, contributed or posted content on, regarding information

**4**                                                      CaseNo.3:22-cv-00060-BEN-RBB

that discusses, relates to, or bears upon YOUR claims in this action, and identify YOUR user name for each.

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Plaintiff objects to this interrogatory to the extent that it is vague, ambiguous, overbroad, and/or unduly burdensome in scope and/or time period.  Subject to and without waiving the foregoing objections and to the extent that Plaintiff understands this interrogatory, Plaintiff responds as follows:

None.

**SPECIAL INTERROGATORY NO. 6:**

DESCRIBE all facts CONCERNING, PERTAINING TO, or that otherwise support YOUR first cause of action for labor code §6310 retaliation.

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

Plaintiff objects to this interrogatory to the extent that it is vague, ambiguous, overbroad, and/or unduly burdensome in scope and/or time period.  Plaintiff objects to this interrogatory to the extent that it calls for a legal conclusion.  Subject to and without waiving the foregoing objections and to the extent that Plaintiff understands this interrogatory, Plaintiff responds as follows:

Around January 18, 2021, Plaintiff was involved in an accident while riding his motorcycle and broke his arm.  Plaintiff requested and was granted medical leave.

Around February 11, 2021, Plaintiff requested time off for a cardiac ablation.

Around March 2021, Plaintiff was cleared to return to work by his doctors with restrictions.

Upon Plaintiff's return to work in approximately March 2021, Plaintiff reported an employee health or safety issue to his supervisor John Sim and the health and safety supervisor.  The employee health or safety issue was that Defendant left an automated machine unattended.

PLAINTIFF STEVEN BAIRD'S RESPONSES TO DEFENDANT LEIDOS, INC.'S SPECIAL INTERROGATORIES (SET ONE)

After Plaintiff's complaint, Defendants tried to force Plaintiff to perform his full duties even though they were aware of Plaintiff's restrictions, Plaintiff's recent heart surgery and Plaintiff's recent motorcycle accident. Defendants also suspended Plaintiff around March 11, 2021 after Plaintiff was attacked by another employee. During Plaintiff's suspension, Defendants subjected Plaintiff to interrogation regarding his political beliefs. On March 26, 2021, Plaintiff was terminated. Discovery is ongoing.

**SPECIAL INTERROGATORY NO. 7:**

DESCRIBE all facts CONCERNING, PERTAINING TO, or that otherwise support YOUR second cause of action for failure to provide reasonable accommodation.

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Plaintiff objects to this interrogatory to the extent that it is vague, ambiguous, overbroad, and/or unduly burdensome in scope and/or time period. Plaintiff objects to this interrogatory to the extent that it calls for a legal conclusion. Subject to and without waiving the foregoing objections and to the extent that Plaintiff understands this interrogatory, Plaintiff responds as follows:

Around January 18, 2021, Plaintiff was involved in an accident while riding his motorcycle and broke his arm. Plaintiff requested and was granted medical leave.

Around February 11, 2021, Plaintiff requested time off for a cardiac ablation.

Around March 2021, Plaintiff was cleared to return to work by his doctors with restrictions.

Upon Plaintiff's return to work in approximately March 2021, Plaintiff reported an employee health or safety issue to his supervisor John Sim and the health and safety supervisor. The employee health or safety issue was that Defendant left an automated machine unattended.

PLAINTIFF STEVEN BAIRD'S RESPONSES TO DEFENDANT LEIDOS, INC.'S SPECIAL INTERROGATORIES (SET ONE)

After Plaintiff's complaint, Defendants tried to force Plaintiff to perform his full duties even though they were aware of Plaintiff's restrictions, Plaintiff's recent heart surgery and Plaintiff's recent motorcycle accident. Defendants also suspended Plaintiff around March 11, 2021 after Plaintiff was attacked by another employee. During Plaintiff's suspension, Defendants subjected Plaintiff to interrogation regarding his political beliefs. On March 26, 2021, Plaintiff was terminated. Discovery is ongoing.

**SPECIAL INTERROGATORY NO. 8:**

DESCRIBE all facts CONCERNING, PERTAINING TO, or that otherwise support YOUR third cause of action for failure to engage in the interactive process.

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

Plaintiff objects to this interrogatory to the extent that it is vague, ambiguous, overbroad, and/or unduly burdensome in scope and/or time period. Plaintiff objects to this interrogatory to the extent that it calls for a legal conclusion. Subject to and without waiving the foregoing objections and to the extent that Plaintiff understands this interrogatory, Plaintiff responds as follows:

Around January 18, 2021, Plaintiff was involved in an accident while riding his motorcycle and broke his arm. Plaintiff requested and was granted medical leave.

Around February 11, 2021, Plaintiff requested time off for a cardiac ablation.

Around March 2021, Plaintiff was cleared to return to work by his doctors with restrictions.

Upon Plaintiff's return to work in approximately March 2021, Plaintiff reported an employee health or safety issue to his supervisor John Sim and the health and safety supervisor. The employee health or safety issue was that Defendant left an automated machine unattended.

After Plaintiff's complaint, Defendants tried to force Plaintiff to perform his full duties even though they were aware of Plaintiff's restrictions, Plaintiff's recent heart

**7**   CaseNo.3:22-cv-00060-BEN-RBB

surgery and Plaintiff's recent motorcycle accident.  Defendants also suspended Plaintiff around March 11, 2021 after Plaintiff was attacked by another employee.  During Plaintiff's suspension, Defendants subjected Plaintiff to interrogation regarding his political beliefs.  On March 26, 2021, Plaintiff was terminated.  Discovery is ongoing.

**SPECIAL INTERROGATORY NO. 9:**

DESCRIBE all facts CONCERNING, PERTAINING TO, or that otherwise support YOUR fourth cause of action for FEHA retaliation.

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

Plaintiff objects to this interrogatory to the extent that it is vague, ambiguous, overbroad, and/or unduly burdensome in scope and/or time period.  Plaintiff objects to this interrogatory to the extent that it calls for a legal conclusion.  Subject to and without waiving the foregoing objections and to the extent that Plaintiff understands this interrogatory, Plaintiff responds as follows:

Around January 18, 2021, Plaintiff was involved in an accident while riding his motorcycle and broke his arm.  Plaintiff requested and was granted medical leave.

Around February 11, 2021, Plaintiff requested time off for a cardiac ablation.

Around March 2021, Plaintiff was cleared to return to work by his doctors with restrictions.

Upon Plaintiff's return to work in approximately March 2021, Plaintiff reported an employee health or safety issue to his supervisor John Sim and the health and safety supervisor.  The employee health or safety issue was that Defendant left an automated machine unattended.

After Plaintiff's complaint, Defendants tried to force Plaintiff to perform his full duties even though they were aware of Plaintiff's restrictions, Plaintiff's recent heart surgery and Plaintiff's recent motorcycle accident.  Defendants also suspended Plaintiff around March 11, 2021 after Plaintiff was attacked by another employee.  During

**8**                    CaseNo.3:22-cv-00060-BEN-RBB

Plaintiff's suspension, Defendants subjected Plaintiff to interrogation regarding his political beliefs. On March 26, 2021, Plaintiff was terminated. Discovery is ongoing.

**SPECIAL INTERROGATORY NO. 10:**

DESCRIBE all facts CONCERNING, PERTAINING TO, or that otherwise support YOUR fifth cause of action for failure to prevent discrimination or retaliation.

**RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

Plaintiff objects to this interrogatory to the extent that it is vague, ambiguous, overbroad, and/or unduly burdensome in scope and/or time period. Plaintiff objects to this interrogatory to the extent that it calls for a legal conclusion. Subject to and without waiving the foregoing objections and to the extent that Plaintiff understands this interrogatory, Plaintiff responds as follows:

Around January 18, 2021, Plaintiff was involved in an accident while riding his motorcycle and broke his arm. Plaintiff requested and was granted medical leave.

Around February 11, 2021, Plaintiff requested time off for a cardiac ablation.

Around March 2021, Plaintiff was cleared to return to work by his doctors with restrictions.

Upon Plaintiff's return to work in approximately March 2021, Plaintiff reported an employee health or safety issue to his supervisor John Sim and the health and safety supervisor. The employee health or safety issue was that Defendant left an automated machine unattended.

After Plaintiff's complaint, Defendants tried to force Plaintiff to perform his full duties even though they were aware of Plaintiff's restrictions, Plaintiff's recent heart surgery and Plaintiff's recent motorcycle accident. Defendants also suspended Plaintiff around March 11, 2021 after Plaintiff was attacked by another employee. During Plaintiff's suspension, Defendants subjected Plaintiff to interrogation regarding his political beliefs. On March 26, 2021, Plaintiff was terminated. Discovery is ongoing.

PLAINTIFF STEVEN BAIRD'S RESPONSES TO DEFENDANT LEIDOS, INC.'S SPECIAL INTERROGATORIES (SET ONE)

## SPECIAL INTERROGATORY NO. 11:

DESCRIBE all facts CONCERNING, PERTAINING TO, or that otherwise support YOUR sixth cause of action for violation of CFRA rights.

## RESPONSE TO SPECIAL INTERROGATORY NO. 11:

Plaintiff objects to this interrogatory to the extent that it is vague, ambiguous, overbroad, and/or unduly burdensome in scope and/or time period. Plaintiff objects to this interrogatory to the extent that it calls for a legal conclusion. Subject to and without waiving the foregoing objections and to the extent that Plaintiff understands this interrogatory, Plaintiff responds as follows:

Around January 18, 2021, Plaintiff was involved in an accident while riding his motorcycle and broke his arm. Plaintiff requested and was granted medical leave.

Around February 11, 2021, Plaintiff requested time off for a cardiac ablation.

Around March 2021, Plaintiff was cleared to return to work by his doctors with restrictions.

Upon Plaintiff's return to work in approximately March 2021, Plaintiff reported an employee health or safety issue to his supervisor John Sim and the health and safety supervisor. The employee health or safety issue was that Defendant left an automated machine unattended.

After Plaintiff's complaint, Defendants tried to force Plaintiff to perform his full duties even though they were aware of Plaintiff's restrictions, Plaintiff's recent heart surgery and Plaintiff's recent motorcycle accident. Defendants also suspended Plaintiff around March 11, 2021 after Plaintiff was attacked by another employee. During Plaintiff's suspension, Defendants subjected Plaintiff to interrogation regarding his political beliefs. On March 26, 2021, Plaintiff was terminated. Discovery is ongoing.

//

**10** CaseNo.3:22-cv-00060-BEN-RBB

**SPECIAL INTERROGATORY NO. 12:**

DESCRIBE all facts CONCERNING, PERTAINING TO, or that otherwise support YOUR seventh cause of action for wrongful discharge in violation of public policy.

**RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

Plaintiff objects to this interrogatory to the extent that it is vague, ambiguous, overbroad, and/or unduly burdensome in scope and/or time period.  Plaintiff objects to this interrogatory to the extent that it calls for a legal conclusion.  Subject to and without waiving the foregoing objections and to the extent that Plaintiff understands this interrogatory, Plaintiff responds as follows:

Around January 18, 2021, Plaintiff was involved in an accident while riding his motorcycle and broke his arm.  Plaintiff requested and was granted medical leave.

Around February 11, 2021, Plaintiff requested time off for a cardiac ablation.

Around March 2021, Plaintiff was cleared to return to work by his doctors with restrictions.

Upon Plaintiff's return to work in approximately March 2021, Plaintiff reported an employee health or safety issue to his supervisor John Sim and the health and safety supervisor.  The employee health or safety issue was that Defendant left an automated machine unattended.

After Plaintiff's complaint, Defendants tried to force Plaintiff to perform his full duties even though they were aware of Plaintiff's restrictions, Plaintiff's recent heart surgery and Plaintiff's recent motorcycle accident.  Defendants also suspended Plaintiff around March 11, 2021 after Plaintiff was attacked by another employee.  During Plaintiff's suspension, Defendants subjected Plaintiff to interrogation regarding his political beliefs.  On March 26, 2021, Plaintiff was terminated.  Discovery is ongoing.

//

PLAINTIFF STEVEN BAIRD'S RESPONSES TO DEFENDANT LEIDOS, INC.'S SPECIAL INTERROGATORIES (SET ONE**)**

**SPECIAL INTERROGATORY NO. 13:**

DESCRIBE all facts CONCERNING, PERTAINING TO, or that otherwise support YOUR claim that you requested or used a disability-related accommodation.

**RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

Plaintiff objects to this interrogatory to the extent that it is vague, ambiguous, overbroad, and/or unduly burdensome in scope and/or time period. Plaintiff objects to this interrogatory to the extent that it calls for a legal conclusion. Subject to and without waiving the foregoing objections and to the extent that Plaintiff understands this interrogatory, Plaintiff responds as follows:

Around January 18, 2021, Plaintiff was involved in an accident while riding his motorcycle and broke his arm. Plaintiff requested and was granted medical leave.

Around February 11, 2021, Plaintiff requested time off for a cardiac ablation.

Around March 2021, Plaintiff was cleared to return to work by his doctors with restrictions.

Upon Plaintiff's return to work in approximately March 2021, Plaintiff reported an employee health or safety issue to his supervisor John Sim and the health and safety supervisor. The employee health or safety issue was that Defendant left an automated machine unattended.

After Plaintiff's complaint, Defendants tried to force Plaintiff to perform his full duties even though they were aware of Plaintiff's restrictions, Plaintiff's recent heart surgery and Plaintiff's recent motorcycle accident. Defendants also suspended Plaintiff around March 11, 2021 after Plaintiff was attacked by another employee. During Plaintiff's suspension, Defendants subjected Plaintiff to interrogation regarding his political beliefs. On March 26, 2021, Plaintiff was terminated. Discovery is ongoing.

//

//

PLAINTIFF STEVEN BAIRD'S RESPONSES TO DEFENDANT LEIDOS, INC.'S SPECIAL INTERROGATORIES (SET ONE**)**

**SPECIAL INTERROGATORY NO. 14:**

DESCRIBE all facts CONCERNING, PERTAINING TO, or that otherwise support YOUR claim that you requested or used leave under the California Family Rights Act or FMLA.

**RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

Plaintiff objects to this interrogatory to the extent that it is vague, ambiguous, overbroad, and/or unduly burdensome in scope and/or time period.  Plaintiff objects to this interrogatory to the extent that it calls for a legal conclusion.  Subject to and without waiving the foregoing objections and to the extent that Plaintiff understands this interrogatory, Plaintiff responds as follows:

Around January 18, 2021, Plaintiff was involved in an accident while riding his motorcycle and broke his arm.  Plaintiff requested and was granted medical leave.

Around February 11, 2021, Plaintiff requested time off for a cardiac ablation.

Around March 2021, Plaintiff was cleared to return to work by his doctors with restrictions.

Upon Plaintiff's return to work in approximately March 2021, Plaintiff reported an employee health or safety issue to his supervisor John Sim and the health and safety supervisor.  The employee health or safety issue was that Defendant left an automated machine unattended.

After Plaintiff's complaint, Defendants tried to force Plaintiff to perform his full duties even though they were aware of Plaintiff's restrictions, Plaintiff's recent heart surgery and Plaintiff's recent motorcycle accident.  Defendants also suspended Plaintiff around March 11, 2021 after Plaintiff was attacked by another employee.  During Plaintiff's suspension, Defendants subjected Plaintiff to interrogation regarding his political beliefs.  On March 26, 2021, Plaintiff was terminated.  Discovery is ongoing.

//

PLAINTIFF STEVEN BAIRD'S RESPONSES TO DEFENDANT LEIDOS, INC.'S SPECIAL INTERROGATORIES (SET ONE)

## SPECIAL INTERROGATORY NO. 15:

DESCRIBE each ADVERSE EMPLOYMENT ACTION that YOU believe DEFENDANT committed against YOU.

## RESPONSE TO SPECIAL INTERROGATORY NO. 15:

Plaintiff objects to this interrogatory to the extent that it is vague, ambiguous, overbroad, and/or unduly burdensome in scope and/or time period.  Plaintiff objects to this interrogatory to the extent that it calls for a legal conclusion.  Subject to and without waiving the foregoing objections and to the extent that Plaintiff understands this interrogatory, Plaintiff responds as follows:

After Plaintiff's complaint, Defendants tried to force Plaintiff to perform his full duties even though they were aware of Plaintiff's restrictions, Plaintiff's recent heart surgery and Plaintiff's recent motorcycle accident.  Defendants also suspended Plaintiff around March 11, 2021 after Plaintiff was attacked by another employee.  During Plaintiff's suspension, Defendants subjected Plaintiff to interrogation regarding his political beliefs.  On March 26, 2021, Plaintiff was terminated.  Discovery is ongoing.

## SPECIAL INTERROGATORY NO. 16:

IDENTIFY all DOCUMENTS and/or COMMUNICATIONS which evidence, support or refute the allegations in YOUR COMPLAINT.

## RESPONSE TO SPECIAL INTERROGATORY NO. 16:

Plaintiff objects to this interrogatory to the extent that it is vague, ambiguous, overbroad, and/or unduly burdensome in scope and/or time period.  Plaintiff objects to this interrogatory to the extent that it calls for a legal conclusion.  Subject to and without waiving the foregoing objections and to the extent that Plaintiff understands this interrogatory, Plaintiff responds as follows:

PLAINTIFF STEVEN BAIRD'S RESPONSES TO DEFENDANT LEIDOS, INC.'S SPECIAL INTERROGATORIES (SET ONE)

Plaintiff's right to sue letter, Plaintiff's medical records from Kaiser Permanente in San Diego, Plaintiff's emails with John Sim, Robert Athing and other employees of Defendant, Defendant's letter to Plaintiff re Plaintiff's tools, Plaintiff's termination letter and other documents known to Defendant and unknown to Plaintiff.  Discovery is ongoing.

**SPECIAL INTERROGATORY NO. 17:**

IDENTIFY all PERSONS whom YOU contend have information PERTAINING TO YOUR claims alleged in YOUR COMPLAINT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

Plaintiff objects to this interrogatory to the extent that it is vague, ambiguous, overbroad, and/or unduly burdensome in scope and/or time period.  Plaintiff objects to the extent that this interrogatory has been asked and answered.  Subject to and without waiving the foregoing objections and to the extent that Plaintiff understands this interrogatory, Plaintiff responds as follows:

John Sims (Plaintiff's Manager) (858) 826-9015 (work phone number), (619) 727-0277 (person cell phone); Cooper Gardner (Warehouse worker); James Wilson (Shipping and Receiving Manager) (contact info unknown); Erin Varela (Shipping and receiving clerk) (951) 427-7745; Ian Arroyo Avila (shipping and receiving clerk) (contact information unknown); Robert Athing (investigator, corporate security) (571) 526 6018 and (703) 789-4758.  Discovery is ongoing.

**SPECIAL INTERROGATORY NO. 18:**

IDENTIFY all DOCUMENTS whom YOU contend have information PERTAINING TO YOUR claims alleged in YOUR COMPLAINT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

Plaintiff objects to this interrogatory to the extent that it is vague, ambiguous, overbroad, and/or unduly burdensome in scope and/or time period.  Plaintiff objects to

PLAINTIFF STEVEN BAIRD'S RESPONSES TO DEFENDANT LEIDOS, INC.'S SPECIAL INTERROGATORIES (SET ONE)

this interrogatory to the extent that it calls for a legal conclusion. Plaintiff objects to the extent that this interrogatory has been asked and answered. Subject to and without waiving the foregoing objections and to the extent that Plaintiff understands this interrogatory, Plaintiff responds as follows:

Plaintiff's right to sue letter, Plaintiff's medical records from Kaiser Permanente in San Diego, Plaintiff's emails with John Sim, Robert Athing and other employees of Defendant, Defendant's letter to Plaintiff re Plaintiff's tools, Plaintiff's termination letter and other documents known to Defendant and unknown to Plaintiff. Discovery is ongoing.

**SPECIAL INTERROGATORY NO. 19:**

IDENTIFY all DOCUMENTS PERTAINING TO YOUR claims that DEFENDANT failed to engage in the interactive process with YOU, as alleged in YOUR COMPLAINT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 19:**

Plaintiff objects to this interrogatory to the extent that it is vague, ambiguous, overbroad, and/or unduly burdensome in scope and/or time period. Plaintiff objects to this interrogatory to the extent that it calls for a legal conclusion. Plaintiff objects to the extent that this interrogatory has been asked and answered. Subject to and without waiving the foregoing objections and to the extent that Plaintiff understands this interrogatory, Plaintiff responds as follows:

Plaintiff's right to sue letter, Plaintiff's medical records from Kaiser Permanente in San Diego, Plaintiff's emails with John Sim, Robert Athing and other employees of Defendant, Plaintiff's termination letter and other documents known to Defendant and unknown to Plaintiff. Discovery is ongoing.

//
//

PLAINTIFF STEVEN BAIRD'S RESPONSES TO DEFENDANT LEIDOS, INC.'S SPECIAL INTERROGATORIES (SET ONE)

**ROMERO LAW, APC.**

**DATED: August 16, 2022**

_/s/ Jessica Flores_
Alan Romero
Robert S. Myong
Jessica Flores
**Attorneys for Plaintiff**
STEVEN BAIRD

PLAINTIFF STEVEN BAIRD'S RESPONSES TO DEFENDANT LEIDOS, INC.'S SPECIAL INTERROGATORIES (SET ONE**)**